[PHILADELPHIA, JANUARY 14, 1830.]

## VELDÉ *against* LEVERING, Guardian of RAUCH.

### IN ERROR.

A guardian, who signifies his assent to the binding of his ward an apprentice, by signing and sealing the indenture, is not responsible to the master for a breach of the contracts of the apprentice.

A CASE was stated for the opinion of the District Court for the city and county of *Philadelphia*, from which this case came up on a writ of error, to be considered as a special verdict.   It was as follows:—

The plaintiff in error, who was also plaintiff below, brought an action of covenant upon an indenture of apprenticeship, against *John Levering,* who was guardian of *Solomon Rauch.*   By this indenture, which was made on the 1st of *May*, 1826, and the parties to which were *Solomon Rauch,* with the consent of his guardian, *John Levering,* the said guardian, and *Michael Veldé,* the said *Solomon Rauch* was to serve *Michael Veldé* four years, five months and ten days.   The usual covenants were followed by these

(Veldé *v.* Levering, Guardian of Rauch;)

words:—"And for the true performance of all and singular the covenants and agreements aforesaid, the said parties bind themselves each unto the other, firmly by these presents." The jury found, that the apprentice had absented himself from his master's service on the 29th of *July*, 1827, without his leave, and did not return; and they assessed the damages at four hundred and fifty-four dollars and twenty-five cents, for this breach of covenant by the apprentice, subject, nevertheless, to the opinion of the court, on the liability of the defendant under the indenture. The court below were of opinion, that the defendant, *John Levering*, was not liable for a breach of the covenants in the indenture, committed by the apprentice, and accordingly rendered judgment on the special verdict for him; which the plaintiff now assigned for error here.

*Jack* and *J. Randall*, for the plaintiff in error, contended, that the guardian was a real, and not a nominal party to the indenture, which could not be assigned or cancelled, without his consent. This position is established by several decisions of the Supreme Court. *The Commonwealth* v. *Vanlear*, 1 *Serg. & Rawle*, 248. *Graham* v. *Graham*, 1 *Serg. & Rawle*, 332. The necessary inference from this doctrine is, that the covenant of the guardian is a substantial covenant, that the apprentice shall perform his covenants; for if he be not a real and substantial party to the indenture, it could be assigned or annulled without his consent. The law makes a distinction between a guardian and next friend, who is merely a nominal party to the indenture, and whose assent is not necessary to an assignment. The case of *The Commonwealth* v. *Leeds*, 1 *Rawle*, 191, was the case of a next friend, and not of a guardian. The concluding words of the indenture under consideration, have been repeatedly decided, to amount to a covenant, binding on the guardian. *Mead* v. *Billings*, 10 *Johns. Rep.* 99. *Whitley* v. *Loftus*, 8 *Mad.* 190. 2 *Root*, 316, 363, 466, 482. 3 *Marsh. Rep.* 301. 1 *Mason.* 78. *The Commonwealth* v. *Jones*, 3 *Serg. & Rawle*, 165. *Addis. Rep.* 301. In 2 *Chitty's Pl.* 274, a form of declaration will be found for this very breach of covenant on the part of the parent or guardian; and all the law on the subject will be found collected in 2 *Chitty's Pl.* 303, 304, *Note*. The liability of the minor is created and limited by the act of assembly, but that of the parent or guardian is founded on the indenture which he has sealed; and if he be not liable on his covenants, the master is without remedy. The act of assembly intended to provide cumulative remedies, not to take away the remedy at common law.

The court declined hearing *Bethel,* who was to have argued for the defendant in error.

The opinion of the court was delivered by

Smith, J.—The indenture in question, was not entered into under the statute of *Elizabeth*, by which the father is answerable for what is to be performed by the son; nor, of course, under any law of the state of *New York*, where, it would seem, that an ap-

(Veldé *v.* Levering, Guardian of Rauch.)

prentice binding himself, with the consent of his father, and the father actually signing and sealing the indenture with the son, the father was bound for the son to the master, in case the son left his service before the end of the term; nor can the decisions, cited from the *Connecticut Reports,* avail, because the act of assembly of *Connecticut,* makes the father or guardian, personally liable on the covenants specified in the indenture, when he puts and binds the minor as an apprentice.   The provisions of the act of assembly under which this indenture was executed, are different; and, therefore, the decisions on this subject in *England,* as well as those in *New York* and *Connecticut,* are inapplicable.   But it is contended, that even in *Pennsylvania,* the guardian is liable, as he is not a nominal, but a real party to the indenture.   That in some respects he is so here, is certainly true.   He may be said to be a party to it when he signifies his assent to the minor's being bound, by his actual signature to the indenture, or by witnessing it, and thus complying with the requisitions of our act.

In the case under consideration, *Solomon Rauch,* a minor, with the consent of his guardian, *John Levering,* put himself voluntarily, and of his free will, an apprentice to *Michael Veldé,* for a term of years, to learn the trade of a baker, and by the indenture, *covenanted* and *promised* to serve his master during the said term. The covenants in the indenture, *are all by the apprentice, and not by the guardian;* nor does our act of assembly require the guardian to enter into any covenants with the master for the apprentice.   He does not bind the apprentice, but only allows him to bind himself.   In *The Commonwealth* v. *Leeds,* 1 *Rawle's Rep.* 194, Chief Justice GIBSON says, that the practice has been, for the prochien amy, to express his assent by *sealing* the indenture; but that no one ever thought of having recourse to him on the contract, because the legislature has not required that he shall become a party, and because the covenants of the apprentice, though executed under the supervison of those whom the law may have set over him, are exclusively his own.   As the act of assembly requires nothing from a guardian more than it requires of the prochien amy, in the binding of apprentices, the decision just cited must govern the present case.   The judgment is, therefore, to be affirmed.

Judgment affirmed.