## Frances Polasky *v.* The Philadelphia & Reading Coal & Iron Company, Appellant.

*Workmen's Compensation Act—Compensation to children under sixteen years of age—Dependency—Separation of husband and wife.*

Dependent children are entitled to compensation for the death of their father, for and while such children are under sixteen years of age, regardless of the fact that the mother of such children had abandoned her husband and was the sole support of the children.

Argued December 4, 1923. Appeal, No. 6, Oct. T., 1923, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1922, No. 543, sustaining the award of the Workmen's Compensation Board, in the case of Frances Polasky v. The Philadelphia and Reading Coal and Iron Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the appeal and affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was the judgment of the court.

*George Ellis* and *John F. Whalen*, for appellant.

*W. M. Parnell*, for appellee.

PER CURIAM, December 13, 1923:

For the death of Polasky, an award of compensation was made to his two children, under sixteen years of age, living with their mother, who, it appears, had without cause abandoned her husband, their father, three years before his death, and had taken the children with her to Brooklyn, N. Y., where she alone supported them. She received no award because she was entitled to none: sec. 307 of the amendment of June 26, 1919, P. L. 642, 647. The evidence shows she earned $11.77 a week, with which she supported herself and the two children, who attended school.

The single question raised by this appeal is whether compensation must be paid to decedent's children under sixteen. Section 307 requires it. The legislature considered such children dependent. Actual dependence, in the sense that he had been contributing to their support, was not made a condition of their right to receive compensation although conditions were annexed as to all other beneficiaries specified. It is provided that "compensation shall be payable under this section to or on account of any child.....,only if and while such child ......is under the age of 16......;" "......step-children, adopted children and children to whom he [the decedent] stood in loco parentis" shall be entitled only "if members of decedent's household at the time of his

death." As to his own children there is no qualification. The statute, therefore, requires the employer to pay compensation for these children (a guardian was appointed) ; an employer may not refuse because the father neglected his duty to contribute to their support: Logan v. Coal Co., 79 Pa. Superior Ct. 421.

Judgment affirmed.