## Kusiak v. The Hudson Coal Company, Appellant.

*Workmen's Compensation Law—Alien children under sixteen—
Dependents—Act of June 2d, 1915, P. L. 736, as amended by the Act
of June 26, 1919, P. L. 642.*

An alien child under the age of sixteen is entitled to compensation under the provisions of Section 307 of Article III of the Workmen's Compensation Law.

The provisions of Section 310 reducing the amount of compensation payable to alien dependent widows and children, do not enact that actual dependency must be proven to obtain compensation. Actual dependence, in the sense that they were being supported wholly or partly by the father at the time of the accident was not made a condition of their right to receive compensation, although such a condition was annexed as to all other beneficiaries specified.

The Workmen's Compensation Act is remedial and should be construed liberally. When proof that an alien non-resident child is under the age of sixteen years affirmatively appears in the record as a fact, no other proof of dependency is required.

Argued March 7, 1927. Appeal No. 34, February T., 1927, by defendant, from judgment of C. P. Luzerne County, July T., 1926, No. 637, in the case of Agnieszka Kusiak v. The Hudson Coal Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

The Court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* was the judgment of the Court.

*Rudolph S. Houck,* and with him *John P. Kelly,* for appellant, cited: Deni v. Penna. R. R. Co., 181 Pa. 525; Maiorana v. Baltimore & Ohio R. R. Co., 216 Pa. 402, 408; Victor Chemical Works v. Industrial Board

(Ill.), 113 N. E. 173, 177-8; Western Metal Supply Co.
v. Pillsbury (Cal.), 156 Pac. 491; Commonwealth v.
Danville Bessemer Co., 207 Pa. 302, 308.

*W. N. Reynolds,* of *Reynolds and Reynolds,* for ap-
pellee, cited: Hall v. Jones & Laughlin Steel Co., 79
Pa. Superior Ct. 303-305.

OPINION BY GAWTHROP, J., April 22, 1927:
John Kusiak, an employee of defendant, sustained
injuries, in the course of his employment, resulting in
his death, and left to survive him a widow, not depend-
ent upon him for support, and a son under the age of
sixteen years, both of whom are alien non-residents of
the United States and live together in Poland.  De-
fendant has appealed from a judgment affirming an
award of compensation by the Workmen's Compensa-
tion Board in favor of the child.  There was no proof
before the referee or the board that at the time of
the father's death the child was actually dependent on
him for support in the sense that the father had been
contributing to his support.  The question raised is
whether, under the terms of the Workmen's Compen-
sation Act of June 2, 1915, P. L. 736, as amended by
the Act of June 26, 1919, P. L. 642, an alien non-resi-
dent child under sixteen years of age is entitled to
compensation for the death of his father, although such
dependency is not proved.

Section 307, Article III, of the act provides, inter alia,
as follows:—"In case of death, compensation shall be
computed on the following basis, and distributed to the
following persons:—1. To the child or children, if there
be no widow nor widower entitled to compensation,
thirty per centum of wages of deceased, with ten per
centum additional for each child in excess of two, with
a maximum of sixty per centum, to be paid to their
guardian."  The other persons specified as beneficia-

ries, in certain circumstances, are widows, widowers, parents and brothers and sisters of the deceased. Compensation is payable under this section to or on account of any child only if and while such child is under the age of sixteen. From an examination of the section, it seems clear that a deceased employee's children under the age of sixteen years were the first objects of the Legislature's bounty; for, age of less than sixteen years is the only condition of the right of such children to receive compensation. As to them there is no other qualification. Actual dependence, in the sense that they were being supported wholly or partly by the father at the time of the accident was not made a condition of their right to receive compensation, although such a condition was annexed as to all other beneficiaries specified. So, we held in Polasky v. Phila. & Reading C. & I. Co., 82 Pa. Superior Ct. 182, that this section of the act requires the employer to pay compensation to children of a deceased employee, under sixteen years of age, living with their mother, who had without cause abandoned her husband, their father, three years before his death, and had taken the children with her to the State of New York, and was then supporting them.

But the distinguished counsel for appellant remind us that the liability of employers to alien non-resident children is fixed and limited by Section 310 of Article III of the Act, which provides, inter alia: "Compensation under this article to alien dependent widows and children, not residents of the United States, shall be two-thirds of the amount provided in each case for residents ........" They contend that this provision not only limits the amount of compensation payable to alien non-resident widows and children, but that the adjective "dependent" modifies the word "children" as well as "widows"; that, therefore, actual dependency of alien non-resident children upon their father for support at the time of his death, in the

sense that the father had been contributing to their support, is a condition precedent to their right to compensation; and that, as there was a failure of proof of such dependency in this case, the award cannot stand. We think that Section 310 will bear no such interpretation. The act is remedial and should receive liberal construction. Section 310 creates no new class of dependents. It refers specifically to each of the different classes of beneficiaries named in Section 307. As to all of these classes, except widows and children, it provides that they shall not be entitled to any compensation when they are alien non-residents of the United States. As to widows and children, it limits the amount of compensation payable to them, when they are alien non-residents of the United States, to two-thirds of the amount provided for resident widows and children by the terms of Section 307. But it limits their rights in no other respect. The words "dependent widows and children" in Section 310 are merely descriptive of the widows and children who qualify as dependents under Section 307. Under the latter section a wife, not living with her husband, is required to establish her dependency by proof that she was being supported wholly or partly by her husband at the time of the accident (Morris v. Yough Coal & Supply Co., 266 Pa. 216). The words "dependent widow" in Section 310 are merely expressive of the legislative intent that such an alien non-resident widow must establish her dependency in the same manner. But there is no warrant for holding that the word "dependent" modifies "children," in the sense that it makes a distinction between alien non-resident and native children by requiring the former to prove the fact that their deceased father had been contributing to their support. A child under the age of sixteen years is a dependent by the terms of Section 307. The words "dependent children," as used in Section 310,

refer to such children, and mean merely children under the age of sixteen years. When proof that an alien non-resident child is under the age of sixteen years affirmatively appears in the record as a fact, no other proof of dependency is required. It follows that defendant's liability to pay the award of compensation to the claimant child was legally established.

The assignments of error are overruled and the judgment of the court below is affirmed.