Nordmark, Appellant, *v.* Indian Queen Hotel Co.

Argued December 7, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIDGE and STADTFELD, JJ.

*Grant W. Nitrauer* and with him *F. B. Holmes,* for
appellant.

*William A. Skinner,* for appellee.

OPINION BY GAWTHROP, J., March 5, 1932:

Stella May Nordmark sustained injuries, in the course of her employment, resulting in her death, and left to survive her a husband, not dependent on her for support, and six minor children, under the age of sixteen years. The husband filed a petition for compensation in behalf of the six children, making no claim for himself. The referee found that the husband had been for some time, and was at the time of the hearing, employed in a silk mill, earning about $40 per week, and had always supported and maintained his wife and children; that about May 11, 1930, he was temporarily out of employment because of a strike by the employees of the silk mill; that he applied for work from the borough in which he lived, obtained employment in about two weeks, worked for the borough about three weeks and then returned to work at the silk mill; that on May 23, 1930, when the husband was temporarily unemployed, claimant's wife applied for, and was given, a position as waitress in the Indian Queen Hotel, appellee, at a weekly wage of $12.69; that upon going to work the second day she fell on steps leading to the basement and sustained fatal injuries; that once in 1928 and again in 1929 she had worked for a short time as a waitress in a restaurant and occasionally did housework for her sister, for which she received some compensation, the amount not being disclosed; that the children were dependent upon the father, who was at all times physically and financially able to maintain them, and that his ability to support them did not cease because of temporary unemployment for about two weeks; that the children were not dependent upon the mother, the decedent, for support or maintenance; and that, while her earnings added something to the family income, the husband was able without them fully and properly to support and provide for the children, and did so support them. The

referee dismissed the petition on the ground that the proof failed to establish dependency of the children on the mother, and affirmatively established their dependency upon the father. The Workmen's Compensation Board affirmed the findings of fact and conclusions of law of the referee and dismissed the appeal. The court below sustained the board and dismissed the appeal. This appeal followed.

The first three assignments of error complain of the dismissal by the court below of exceptions taken to the action of the compensation board in sustaining certain findings of fact by the referee. Such exceptions made it our duty to review the evidence for the purpose of determining whether it was sufficient and competent to sustain the findings of fact which are challenged. The question must be answered in the negative. All of the evidence was produced by the claimant. He testified that his wife was supporting the family at the time of her death, and that there had been other times when she helped support him and the children; that "when I had been out of work before, practically the same thing happened to me [as] this time, and my wife went out to work in the restaurant ...... I didn't have steady employment." He testified further that his wife worked "outside of the family" in 1922, when they lived in Kansas; that she worked in the Star Restaurant as a waitress for six weeks in 1928 and about the same length of time in 1929, and that she worked for her sister from time to time cleaning house or doing housework and was paid by the day. Her sister testified that the deceased worked for her about two days a week since March, 1929, and was paid $3 for eight hours. There was no countervailing proof. This evidence utterly fails to support the finding of fact that the husband was able fully and properly to support and provide for his children, and that they were not dependent upon the

mother for support or maintenance. It compels a finding that the children were at least partially dependent upon their mother, and that she actually did help to support and maintain them. If this were the only question in the case, it would be our duty to return it to the board for a further hearing and the making of new findings of fact in accordance with the evidence.

But there is another controlling question raised, to wit: Whether under the terms of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 26, 1929, P. L. 829, these children are entitled to compensation for the death of their mother, without proof of the fact that they were actually dependent upon her for support.

Section 307, Article III of the act provides, inter alia, that in case of death compensation shall be distributed to the child or children, if there be no widow or widower entitled to compensation. The other persons specified as beneficiaries, in certain circumstances, are widows, widowers, parents and brothers and sisters of the deceased. Compensation is payable under this section to and on account of any child only if and while such child is under the age of sixteen. No compensation is payable to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support; nor to a widower unless he is incapable of self-support at the time of his wife's death and be at such time dependent upon her for support; nor to the father or mother or brothers or sisters unless they were actually dependent upon the decedent for support at the time of his death. In construing this section in Kusiak v. Hudson Coal Co., 91 Pa. Superior Ct. 106, we said: "It seems clear that a deceased employee's children under the age of sixteen years were the first objects of the Legislature's bounty; for, age of less than sixteen years is the only condition of the right of such children

to receive compensation. As to them there is no other qualification. Actual dependence, in the sense that they were being supported wholly or partly by the father at the time of the accident, was not made a condition of their right to receive compensation, although such a condition was annexed to all other beneficiaries specified;'' that ''a child under the age of sixteen years is dependent by the terms of Section 307;'' and that when proof that a child is under the age of sixteen years affirmatively appears in the record as a fact, ''no other proof of dependency is required.'' The Supreme Court refused an allocatur in that case on May 24, 1927.

In Polasky v. Phila. & Reading C. & I. Co., 82 Pa. Superior Ct. 182, we held that Section 307 of the act required the employer of a father, who was killed in the course of his employment, to pay compensation to his children, under sixteen years of age and living with their mother, who had without cause abandoned her husband three years before his death and had taken the children with her to the State of New York and was supporting them. In that case we said, speaking of Section 307 of the act, that ''the legislature considered such children dependent.''

Counsel for appellant contends that under the construction placed upon the compensation act in those two cases the right of the children for whom this appeal is brought to receive compensation for the death of their mother is clear. We agree that those cases rule the case at bar. And further study of the act in the light of the briefs and the oral arguments has not convinced us that those decisions should be overruled. It is true as asserted by counsel for appellee, that in both of those cases the employee for whose death compensation was allowed to the children, was their father and not their mother; and that a father is legally bound to support and maintain his children

under the age of sixteen years, and that the mother is not bound, as the father is, to the duty of maintaining such children, and her property is not liable for their support. (South v. Denniston, 2 Watts 474 Leech v. Agnew, 7 Pa. 21; and Passenger Ry. Co. v. Stutler, 54 Pa. 375.) But in our view the difference in the obligations of the father and the mother, under the general law, in respect to the support and maintenance of a child under the age of sixteen years has no bearing upon the construction to be placed upon our compensation act. The act makes no distinction between male and female employees in respect to the obligation of the employer to pay compensation. By its terms when a father or a mother or any other person is employed, as this mother was, there arises an implied contract on the part of the employer to pay, in case of death, compensation to the persons entitled under Section 307. That section does not make actual dependency of a child, under the age of sixteen years, on his parent a condition precedent to his right to receive compensation upon the death of such parent. His right to receive compensation arises from his status as a child of the employee, under the age of sixteen years. The obligation of the employer to pay compensation to a child, under the age of sixteen years, of a deceased employee arises from his status as an employer or master of an employee who is the father or mother of such a child. If the legislature desired to impose upon an employer of the mother of such a child a different obligation, in respect to the payment of compensation to such child, than upon the employer of the father of such a child, it would have been a simple matter to do so. But it did not. A construction of the statute to the effect that the right of the child of a deceased female employee to receive compensation is different from the right of the child of a deceased male employee is unwarranted by its pro-

visions. Such a construction would amount to judicial legislation. Our conclusion is that Mrs. Nordmark's children are entitled to receive compensation from defendant, not only because their actual dependency on their mother was established, but also because the Legislature declared such children dependent. Either reason is sufficient.

The assignments of error to which we have referred, as well as the assignment to the dismissal of claimant's appeal and affirming the decision of the Workmen's Compensation Board are sustained. The judgment is reversed and the record is remitted to the court below, with directions to recommit it to the Workmen's Compensation Board for the making of an award in accordance with the statute.