Morris et al. *v.* Glen Alden Coal Company, Appellant.

Argued March 7, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellant.

*Herbert L. Winkler,* with him *Harry L. Freeman,* for appellees.

OPINION BY CUNNINGHAM, J., June 26, 1939:

The facts in this workmen's compensation case have been agreed upon by the parties and the question involved upon this appeal is purely one of law—the proper construction of the provisions of Section 307 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, as further amended by the Act of April 26, 1929, P. L. 829, 77 PS §§ 561-562, relating to awards to children of deceased employees.

On January 15, 1936, Stanley Sokulski, while in the course of his employment as a miner in one of appellant's collieries, was accidentally and fatally injured by a fall of rock.

He had been married on July 13, 1925, to Catherine Morris, a widow and the mother of two children, John Morris, born January 6, 1921, and Luba Morris, born January 9, 1923. Until November, 1933, these four persons constituted a single household. At that time the decedent definitely and permanently separated himself from his wife and stepchildren and had neither lived with them nor contributed to their support up to the time of his death—a period of more than two years, during which decedent was a member of a different household. No claim for compensation was made by Catherine Sokulski for herself as the widow of decedent, but on behalf of her children, John and Luba Morris, she filed their petition for an award of compensation for the accidental death of their stepfather.

Was it the legislative intent, as disclosed by the provisions of the statute, that stepchildren, living and supported as were these claimants, should receive compensation for the death by accident of their stepfather until they arrived, respectively, at the age of sixteen?

If claimants had been decedent's own legitimate children, their right to compensation, while under sixteen, would have been clear. Neither residence with, nor actual dependency upon, him would have been essential. The language of Section 307 is: "If there be no widow nor widower entitled to compensation, compensation shall be paid to the guardian of the child or children." Although the legislature expressly provided that a widow should not be eligible for compensation unless living with, or actually dependent upon, her deceased husband, or a widower, unless incapable of self-support and dependent upon his deceased wife, and that parents or brothers and sisters should not be entitled unless dependent upon their decedent, it considered *children* dependent, regardless of residence with, or contributions of support from, a parent. See *Polasky v. Phila. & Reading C. & I. Co.*, 82 Pa. Superior Ct. 182.

Realizing that in many families there are boys and girls under sixteen who were not begotten by the head of the family, but for all practical purposes are members of the household and treated and maintained as such, the legislature, by the use of the following language, vested in such boys and girls a conditional right to receive compensation for the accidental death of the head of the family:

"The terms 'child' and 'children' shall include stepchildren and adopted children and children to whom he stood in loco parentis, *if members of decedent's household at the time of his death,* ......" (Italics supplied)

It is an agreed upon fact that these claimants were not "members of decedent's household at the time of his death," and it is clear that the separation between him and them was not temporary, as was the separation in *Shimkus v. Phila. & Reading C. & I. Co.*, 280 Pa. 88, 124 A. 335, nor enforced as in *Union Trust Co. v. Union Collieries Co.*, 131 Pa. Superior Ct. 405, 200 A. 267.

The referee in the present case disallowed compen-

sation upon several grounds—the substantial and material one being that claimants "were not members of the decedent's household at the time of his death."

Upon claimants' appeal to the board the action of the referee was reversed in an able opinion by Chairman Ullman, upon the ground "that the qualifying clause, 'if members of decedent's household at the time of his death,' applies to and modifies only the antecedent immediately preceding that phrase, i. e., 'children to whom he stood in loco parentis.'" An award was accordingly made by the board to Catherine Sokulski, as guardian of claimants, at the rate and for the periods prescribed by the statute for awards to natural children of a deceased employee.

The employer thereupon appealed to the court below. That tribunal adopted the reasoning of the board and entered judgment on the award; this appeal is by the employer from that judgment.

We are unable to agree with the conclusion reached by the board and court below. They start out with the premise that the portion of Section 307 above quoted contains "a patent ambiguity inserted therein by the law makers," and then, upon the theory that the statute is a remedial one and must therefore be liberally construed, proceed to resolve the asserted ambiguity against the employer and in favor of the claimants.

Our reading of the provisions of the statute here involved does not disclose the existence of any ambiguity therein. We have already indicated our understanding of the legislative intent as expressed in the words of the statute. When the legislature decided, in its wisdom, to enlarge one of the classes of persons normally dependent upon a deceased employee, and described in the opening paragraph of the section as "child or children," by admitting thereto "stepchildren and adopted children and children to whom he stood in loco parentis," it had the right, and obviously intended, to stipulate that none of such "children" should be entitled

to compensation unless he or she was actually living with the decedent at the time of his death. Only those so situated would be deprived of maintenance by reason thereof.

We think that purpose was clearly expressed in the statute and that it should be so construed as to give effect thereto. It is significant that the legislature did not require that the kind of "children" with whom we are now concerned should be shown to have been actually dependent upon a decedent in order to be entitled to compensation; if members of his household, their dependency, like that of his own children, was to be assumed. We are not concerned, therefore, with any questions relative to the legal liability or nonliability of the deceased employee to have supported claimants during his lifetime, or whether he, in fact, contributed to their support.

One of the arguments advanced in support of the award is that as the Intestate Act of 1917 and the Wills Act, of the same date, as well as prior legislation of the same kind, placed "adopted children upon the same level as natural children" the qualifying phrase of the Compensation Act should not be held to apply to them, and, if not to "adopted children," obviously not to the preceding enumeration of "stepchildren." In our opinion, the reply to this suggestion, aside from its earlier date, is that we are here considering legislation of an entirely different character. The legislature had full power to determine the various classes of persons to whom compensation should be paid and to prescribe such conditions and limitations as it deemed proper for each class. See *Decker v. Mohawk Mining Co.*, 265 Pa. 507, 109 A. 275.

The grammatical rule relied upon and here applied by the board and court below is taken from Endlich on Interpretation of Statutes, Section 414, p. 582. In the same section, however, this qualification appears:

"But this technical grammatical rule is liable to be

displaced wherever the subject-matter requires a different construction, in obedience to the principle elsewhere discussed, that rules of that character are subordinated to a common sense reading of an enactment. ...... Indeed, in most cases, it will be found, on some ground of this sort, that, where several words are followed by a general qualifying expression which is as much applicable to the first as to the last, that expression is not limited to the last, but applies to all."

Our conclusion is that the legislature intended the qualifying phrase, making membership in the household of a decedent a prerequisite to an award of compensation for his accidental death, to apply to each of the three classes of persons enumerated in the paragraph— stepchildren, adopted children and those to whom he stood in loco parentis.

The judgment is reversed and here entered in favor of appellant.