## Ottavi *v.* Timothy Burke Stripping Company, Appellant.

Argued March 4, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

390

*John A. Gallagher,* with him *Joseph E. Fleitz,* for appellant.

*Arthur A. Maguire,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

This is a workmen's compensation case in which the claimant, Adelina Ottavi, seeks to recover compensation for the death of Lenine Ottavi, her adopted son. The referee made an award in her favor, which was affirmed by the Workmen's Compensation Board and the court below. From the judgment defendants have appealed.

Pursuant to rule 56 of this court, appellants and appellee have submitted the following agreed statement of facts: "Lenine Ottavi, ne Lenine Trasciati, the deceased employee, eighteen years of age, was fatally injured in the course of his employment with the appellant on the eighth day of September, 1936. He left to survive him, his natural parents, seven brothers and sisters and the claimant herein, Adelina Ottavi, who in conjunction with her husband, since deceased, had legally adopted the said Lenine Ottavi, the deceased employee, in the court of common pleas in and for Luzerne County, Pennsylvania on November 3, 1923. Adelina Ottavi, the claimant herein, at the time of the death of her adopted son was dependent upon him for support and maintenance. No claim for workmen's compensation has been made by Antoni Trasciati and Bridget Trasciati, the father and mother of Lenine Ottavi, ne Trasciati. The said Lenine Ottavi, ne Trasciati, the deceased employee, was reared in the

home of his adoptive parents from the time he was fourteen months old until his death."

The portions of section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as last amended by the Act of April 26, 1929, P. L. 829, §3, 77 PS §561, pertinent to this case, in view of the agreed statement of facts, are as follows: "In case of death, compensation shall be ...... distributed to the following persons: ...... 5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother ......"

Dependency being admitted, the single question for determination is whether "mother," as used in the portion of the statute quoted above, may be construed to include an adoptive as well as a natural mother. Although nearly twenty-five years have elapsed since the Workmen's Compensation Act was adopted, our search has not disclosed that the matter has ever been passed upon by either appellate court of this state. [1]

On the other hand, questions relating to the effect of adoption upon the inheritance and devolution of property have been before our Supreme Court and our legislature on numerous occasions. In *Cave's Estate,* 326 Pa. 358, 192 A. 460, it is demonstrated that in this state the law has advanced to the point where, for all purposes of inheritance and taking by devolution, the adoptive parent and adopted child bear to each other the same relationship as if joined by ties of blood, so that they are now qualified "to inherit, not merely from one another, but from one another's relatives and kindred through the channel left open by the death of either." (p. 365.) Moreover, those naturally related to the

---

[1] The Court of Common Pleas of Lackawanna County has held that "mother" includes an adoptive mother *(Price v. Pittston Coal Co.,* 31 D. & C. 77), and the Court of Common Pleas of Westmoreland County contra *(Studley v. Vesta Coal Co.,* 6 Pa. Dept. R. 2122, III Mackey 186).

adopted child are expressly excluded. Intestate Act of June 7, 1917, P. L. 429, §16, 20 PS §§101, 102; *Fisher v. Robison,* 329 Pa. 305, 198 A. 81. If, in the present case, deceased had died intestate but possessed of real or personal property there could be no question of appellee's right of inheritance therein according to the Intestate Act, supra.

In the Workmen's Compensation Act of 1915, as amended, supra, the terms "child" or "children" are expressly defined to include adopted children among those entitled to compensation for the death of an employee, provided only that they are members of decedent's household at the time of his death. See *Morris et al. v. Glen Alden Coal Co.,* 136 Pa. Superior Ct. 132, 7 A. 2d 126. The word "mother" is not defined in the act. Its meaning therefore becomes a question of statutory construction for the court. Words which are not defined by the Workmen's Compensation Act itself must be taken in their popular sense if not contradictory to the object and intention of the lawmakers. *Carville v. A. F. Bornot & Co.,* 288 Pa. 104, 135 A. 652; *Foyle et al. v. Commonwealth et al.,* 101 Pa. Superior Ct. 412.

Perhaps it must be conceded that "mother" is primarily defined to mean one who has given birth to another. In Bouvier's Law Dictionary it is defined as "A woman who has borne a child." But the term is customarily applied also to one who is an adoptive mother, without express distinction. The person adopted does not speak of his "adoptive mother" nor the adoptive parent of her "adopted" son or daughter as the case may be. The adoptive parent refers to her "son" or "daughter"; the adopted child to his "mother" or "father." This observation holds true not only as between those so related, but also as to third parties. In fact, it is common knowledge that such is the case in many instances where formal adoption has not taken place. It may be said that the term "mother," as it has come to be used in ordinary speech, connotes a social

relationship rather than a biological process. An examination of definitions from various sources reveals this tendency.

Approaching the precise question in the case at bar are the cases of *McDonald et al. v. Texas Employers' Ins. Ass'n* (Court of Civ. App. of Texas), 267 S. W. 1074, and *Victory Sparkler & Specialty Co. et al. v. Gilbert*, 160 Md. 181, 153 A. 275. In these cases it was held respectively that "dependent parent,"[2] as used in the Workmen's Compensation Act of Texas, and "mother," as used in the Workmen's Compensation Law of Maryland, included a mother by adoption who was dependent upon her adopted son at the time of his death. See annotation "On whose behalf may action be maintained for the wrongful death of adopted child." 56 A. L. R. 1349 et seq. While differences in the statutes of the several states may be pointed out, nevertheless, the reciprocal rights and duties of adoptive parent and adopted child in Pennsylvania appear to be equal to those existing between claimant and deceased in the two cases just cited, and to the extent that such persons inherit "from and through" each other in this state, would seem to exceed them. See Act of April 4, 1925, P. L. 127, as amended, 1 PS §1 et seq. Section 5 of the Act of 1925 repealed prior acts relating to the adoption of children. In *McQuiston's Adoption* (1913) 238 Pa. 304, at page 310, 86 A. 205, at page 207, it was said: "The party applying for adoption must show himself capable of providing and caring for the child in a way advantageous to the child, and the child is given him, not as bound in servitude, but under filial relation." The Act of May 28, 1915, P. L. 580, amending section 7 of the

---

[2] Section 307 of the Workmen's Compensation Act of 1915, as amended by the Act of April 26, 1929, P. L. 829, §3, 77 PS §561, contains the following: "Provided, however, That in the case of a minor child who has been contributing to his *parents*, the dependency of said parents shall be presumed: ......" (Italics supplied.)

Act of May 4, 1855, P. L. 430, as amended by the Act of May 19, 1887, P. L. 125, was in force at the time of deceased's adoption. It contained, inter alia, the following: "That it shall be lawful for any person desirous of adopting any child as his or her heir ...... to present his or her petition ...... declaring such desire, and that he or she will perform all the duties of a parent to such child; and such court ...... may ...... decree that such child shall assume the name of the adopting parent, and be subject to the duties of such child; and said adopting parent and said child shall, respectively, inherit and take by devolution from and through each other ...... as fully as if the person adopted had been born a lawful child of the adopting parent ......" Thereunder, it will be seen, the adopting parent agreed to perform all the duties of a parent to the child, and the adopted child was made subject to the duties of such child. [3]

The Intestate Act, supra, in providing for inheritance by the adopted child and the adoptive parent "from and through" each other, was "copying the phraseology of the Act of May 28, 1915, P. L. 580" (*Cave's Estate,* supra, p. 365), and the latter act was approved on May 28, 1915, five days prior to the Workmen's Compensation Act which was approved June 2, 1915. That is, almost coincidentally with the adoption of the Workmen's Compensation Act, the legislature displayed a clear intention to reduce distinctions between adopted and natural children. The portions of the adoption statute relating to inheritance and devolution were later incorporated in the Intestate Act, supra, and

---

[3] See Concerning Adoption and Adopted Persons as Heirs in Pennsylvania, by A. J. White Hutton, 42 Dick. L. Rev. 12, wherein it was said (p. 28): "To restate the matter, by the process of adoption the status of the adopted person and of the adopting parents is changed and under the theory of the law the latter become the actual parents of the former. The previous identity is completely lost in the new relationship."

eliminated from the former, so that in order to ascertain the relations resulting from adoption the adoption statute and the Intestate Act must be construed together. *Fisher v. Robison,* supra, p. 309. The successive statutes, examined historically and analytically, portray a steady broadening of the relationship between adopting parent and adopted child. See *Cave's Estate,* supra, p. 366.

" 'When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits. And when a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship, or even the inconvenience which may follow one construction may properly be considered and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose': 25 R. C. L., section 255, page 1017": *Fazio v. Pittsburgh Railways Co.,* 321 Pa. 7, at page 12, 182 A. 696, at page 698.

More specifically both the Supreme Court *(Pater v. Superior Steel Co.,* 263 Pa. 244, 246, 106 A. 202) and this court *(Uditsky v. Krakovitz,* 133 Pa. Superior Ct. 186, 189, 2 A. 2d 525; *Hall v. Jones & Laughlin Steel Co.,* 79 Pa. Superior Ct. 303, 306) have said that the Workmen's Compensation Act is remedial and is to receive a liberal construction. Although, as was said in *McDonald et al. v. Texas Employers' Ins. Ass'n,* supra, and *Victory Sparkler & Specialty Co. et al. v. Gilbert,* supra, this principle would not justify judicial extension of the terms of such a statute to embrace beneficiaries not named or comprehended therein, nevertheless to use the words of the former case (267 S. W. p. 1075) it is the duty of the court "to give full effect to the legislative purpose and to give, not niggardly, but generously, all the meaning the Legislature intended."

"The Workmen's Compensation Act was designed to aid those relatives of the deceased who were dependent upon and relied upon the support and aid of the decedent": *Glenn v. State Workmen's Ins. Fund et al.,* 133 Pa. Superior Ct. 121, at page 127, 2 A. 2d 32, at page 34. The reasoning of the court in *McDonald et al. v. Texas Employers' Ins. Ass'n,* supra, followed in *Victory Sparkler & Specialty Co. et al. v. Gilbert,* supra, is persuasive. "When we take a cross-section, so to speak, of the status of the natural parent and his child and that of the adopting parent and the child, viewing their mutual duties, rights, and obligations, legal and moral, we fail to find a difference upon which the Legislature could have seized as a reason for including one and excluding the other from the benefits of the compensation act. It cannot with reason be assumed that the Legislature would include a dependent natural mother and exclude under the same facts and circumstances, a dependent adoptive mother, as in each case the loss is the same and the sound public policy that requires the loss to be repaired in one instance will be subserved by repairing it in the other": *McDonald et al. v. Texas Employers' Ins. Ass'n,* supra, 267 S. W. 1074, at page 1076.

Thus it appears that not only has the word "mother" as used in the popular sense come to mean an adoptive mother as well as a natural mother, but also that a less comprehensive interpretation would be "contradictory to the object and intention of the lawmakers" and violative of the stated rule of construction.

The policy reflected by the legislative enactments relative to adoption and workmen's compensation requires that the word "mother" as used in the section of the statute under consideration be construed to include an adoptive mother.

The judgment as entered by the court below is not in proper form. Accordingly, the record is remitted to the court below, and that court is directed to enter judgment for claimant in accordance with the rules laid

down by this court in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400, and *Gardner v. Pressed Steel Car Co. et al.*, 122 Pa. Superior Ct. 592, 186 A. 410.