## Nixon v. Allegheny Pittsburgh Coal Co.

*Samuel Krimsly*, for claimant.
*Challener & Challener*, for defendant.

HARKINS, J., November 21, 1945.—The instant matter is one in which claimant sustained the loss of approximately three fourths of the distal phalanx of the middle finger of his left hand. The accident occurred December 17, 1940. Claimant entered into a compensation agreement with his employer under the terms of which he was paid compensation at the rate of $18 per week beginning December 1940, subject to the limitations of the act. Later claimant executed a

final settlement receipt acknowledging receipt of $33.43, covering a period of 1 6/7 weeks for all compensation due him under the act for the injuries received on December 17, 1940.

On December 21, 1942, claimant petitioned to set aside the final receipt, averring that under section 306 (c) of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, he should have been compensated for the loss of one half of the finger. Defendant answered this petition, denying claimant lost the first phalanx of the middle finger, and averring that he was properly compensated under section 306 (a) of the Act of 1939.

The referee found as a fact that claimant had sustained the loss of three fourths of the distal phalanx of the middle finger and dismissed claimant's petition. The board dismissed claimant's appeal.

There is no dispute as to the nature of the injury claimant received, nor as to the portion of the distal phalanx that claimant's physician found it necessary to remove by amputation. Clearly three fourths of the distal phalanx was removed. This injury would very clearly have been compensable under section 306 (c) of the Act of June 4, 1937, P. L. 1552, which provided as follows:

"The loss of less than the first phalange of the toe, thumb, or of any finger, shall be considered equivalent to the loss of one-half of such toe, thumb or finger, and shall be compensated at the same rate as for the loss of a toe, thumb or finger, but for one-half of the period provided for the loss of a toe, thumb or finger. Provided, however, That the accident involves injury to part of the bone of the phalange."

Section 306 (c) of the Act of 1939, which admittedly was in force on the date of December 17, 1940, when the accident occurred, provides:

"The loss of the first phalange of the thumb, or of any finger, shall be considered equivalent to the loss of

one-half of such thumb or finger, and shall be compensated at the same rate as for the loss of a thumb or finger, but for one-half of the period provided for the loss of a thumb or finger."

That the Act of 1939 is much more narrow than that of 1937 is very apparent. In the case of Vince v. Allegheny Pittsburgh Coal Co., 153 Pa. Superior Ct. 333, at page 337, Judge Baldrige says in speaking of the same sections in a similar situation where claimant had approximately one half of the distal phalanx of the left thumb amputated:

"Under the 1937 amendment of the Workmen's Compensation Act the claimant undoubtedly would have come under Section 306(c). The altered language clearly indicates that it was the design of the legislature not to continue, but to change, the legal effect of this portion of the statute. A strict interpretation of the portion of 306(c) we are considering would require a loss equivalent to the whole phalanx and not a part thereof to make it applicable. We cannot dispense with the plain requirements of a statute, although the Workmen's Compensation Act is given a construction favorable to an employee where possible; that has always been the liberal policy of this Court: Ciotti v. Jerecki Manufacturing Co., 128 Pa. Superior Ct. 233, 238, 193 A. 323; Ottavi v. Timothy Burke Stripping Co., 140 Pa. Superior Ct. 389, 395, 14 A. 2d 188; Ginther v. J. P. Graham Transfer Co. et al., 149 Pa. Superior Ct. 635, 641, 27 A. 2d 712. . . ."

While Judge Baldrige reversed the lower court which had affirmed the findings and conclusions of the board in holding that claimant had "lost the distal phalanx of his left thumb", which finding had to stand or fall on the medical testimony of claimant's surgeon, Doctor Snyder, to the effect that he amputated "about one half of the bony phalanx" of claimant's left thumb, yet Judge Baldrige does not in this opinion decide positively that the entire phalanx must be amputated in

order for a claimant to have sustained a compensable injury under section 306(c) as amended by the Act of 1939. It would seem that a decision on that question by the Superior Court would have definitely stated the law to the enlightening of the lower courts and the litigants and to their mutual advantage.

We have been unable to find a general principle promulgated by the Superior Court on the question of what portion of the first phalanx must be severed in order to constitute the "loss of the first phalanx".

In the instant matter the board in its opinion upheld the findings of fact of the referee and we find the referee's fourth finding to be:

"Fourth: That injuries sustained by the claimant on December 17, 1940, necessitated the amputation of three fourths of the distal phalanx of the middle finger on the left hand; and that no other part of claimant's body was involved in the above mentioned accident."

There is no doubt therefore that claimant lost three fourths of the distal phalanx.

The real question in the Vince case is stated in the minority opinion of Judge Rhodes on page 341, where we find his words:

". . . the real question is whether the loss of more than one-half of the phalange, which is certainly a major portion, constitutes substantially all the phalange and supports an award."

This question was not decided in the Vince case as the court in that case only decided that the evidence did not support the findings and conclusions of the board. It is patent that Judge Baldrige did not decide the question as the same is stated by Judge Rhodes in his dissenting opinion as we find Judge Baldrige saying at page 337, supra:

". . . If so much of the first phalanx had been amputated that the first joint was lost for all useful and practical purposes, the question before us would be more difficult of solution."

It is to be noted that Judge Rhodes in his dissent nevertheless interprets the majority opinion as holding that the provisions of the statute providing compensation for the loss of a certain portion of a thumb or finger become operative and applicable when it appears that substantially all of the portion of the thumb or finger so designated has been lost. On page 342 he says:

"The New York State Act relating to the loss of the first phalange of a thumb or finger is virtually the same as the Act of 1939. In re Petrie, supra, 215 N. Y. 335, 109 N.E. 549, cited in the majority opinion, states the controlling rule to be that the provisions of the statute providing compensation for the loss of a certain portion of a thumb or finger become operative and applicable when it appears that substantially all of the portion of the thumb or finger so designated has been lost. In that case, as in the present case, more than a half of the phalange had been lost, and compensation was allowed. In Forbes v. Evening Mail, 185 N. Y. S. 592, 194 App. Div. 563, compensation was refused because there was a loss of less than one-half of the phalange, but the rule enunciated in the Petrie case was recognized."

It would seem therefore that Judge Baldrige in the majority opinion endorsed the doctrine of the Petrie case.

Counsel for claimant, who incidentally was not counsel when claimant's case was presented to the referee, contends, however, that the proper disposition of the instant case is to refer it back to the board to enable the board to make a finding of fact as to whether or not the claimant has suffered the loss of the finger in question. Section 306 (c) of The Pennsylvania Workmen's Compensation Act of 1939, P. L. 520, at p. 532, does provide, inter alia, as follows:

"Permanent loss of the use of a hand, arm, foot, leg, eye, finger or thumb shall be considered as the equiva-

lent of the loss of such hand, arm, foot, leg, eye, finger or thumb."

That there can be a permanent loss of use of a finger without amputation of any part is self-evident. That there can be a permanent loss of use of a finger when a portion of one phalanx or of more than one phalanx is severed by amputation is equally clear. Whether or not there was a loss of use of the finger in this case we do not know as the referee's findings of fact which were affirmed by the board make no mention thereof.

There is no reason for this court to rashly attack so vexatious and troublesome a problem, one of which the appellate courts have seemed to be not too swift in deciding, when the facts as found by the board are strangely silent on one phase of the question, namely, whether claimant sustained the loss of use of the injured finger, which if decided in the affirmative by the board would entitle claimant to compensation based on that provision of the act.

As stated hereinabove it is a well recognized principle that The Workmen's Compensation Act is to be given a liberal construction. It can hardly be maintained that a liberal construction of the act would permit a dismissal of the claim in question by the board without a consideration by the board of the concurrent and separate cause under the same clause, i. e., 306 (c) of the act.

Indeed in Yaklich v. Union Collieries Co., this court, in an opinion by Judge Gunther, later upheld by Judge Ross in 158 Pa. Superior Ct. 55, held that "loss of the use" of one half of the thumb is compensable under section 306(c). The words of Judge Ross at page 59 are:

"The appellant contends that 'loss of use' of one-half of the thumb is not compensable under this section, but with that contention we disagree. Section 306(c) should be so construed that every reasonable intendment of its express language should be upheld in behalf of the employee."

We therefore are of the opinion that the matter should be referred back to the Workmen's Compensation Board for further hearing to determine whether or not claimant has suffered a permanent loss of use of the injured finger according to the principles expounded in the Yaklich case, supra.

### Order of court

And now, to wit, November 21, 1945, the within case is remanded to the Workmen's Compensation Board for further hearing in accordance with the annexed opinion.