HOLLAND CONSTRUCTION COMPANY *v.* SULLIVAN.

4-9836                                                    251 S. W. 2d 120

Opinion delivered July 7, 1952.

Rehearing denied October 6, 1952.

*Moore, Burrow, Chowning & Mitchell,* for appellant.

*Martin & Haley,* for appellee.

ED. F. McFADDIN, Justice. The ultimate question to be decided in this appeal is the right of the appellee to recover compensation payments because of the death of his natural father. To decide the ultimate question, we must consider certain provisions of our 1939 Workmen's Compensation Law.[1]

### Statement of the Case

Mr. and Mrs. John E. Wooldridge had a son, named John David, born November 27, 1943. Mrs. Wooldridge died in September, 1945; and shortly thereafter, Mr. and Mrs. Sullivan took John David into their home as a companion for their little boy, Connie. In December,

---

[1] The 1939 Workmen's Compensation Law was the first, or original, such law in Arkansas, and was Act 319 of 1939, affirmed by referendum at the General Election in 1940. It may be found in § 81-1301 *et seq.* of the Permanent Volume of Ark. Stats. By Initiated Act No. 4, adopted at the General Election in 1948, the 1939 Workmen's Compensation Law was materially amended. For the 1948 law, see § 81-1301 of the 1951 Cumulative Pocket Supplements of Ark. Stats. As will be mentioned hereinafter, the rights of the parties herein are decided under the 1939 Act.

1946, with Mr. Wooldridge's consent, the Sullivans adopted John David Wooldridge, and his last name became Sullivan. The relationship between the Sullivans and Mr. Wooldridge was most friendly, and he continued to visit John David and to give him presents and money. The record reflects that Mr. Wooldridge loved his little son so much that he was willing to give him to the Sullivans in order that he might be properly reared.

In July, 1947, Mr. Wooldridge, while employed by appellant, Holland Construction Company, received accidental injuries which resulted in his death the same day. Thereafter, this claim was filed for the minor, John David Wooldridge Sullivan, for Workmen's Compensation Law benefits because of the death of his natural father, John E. Wooldridge. The claim was resisted by the Holland Construction Company (hereinafter called "employer") and by its insurance carrier: the defense being that John David, having been adopted by the Sullivans in December, 1946, was not thereafter, in fact or by law, dependent on his natural father, Mr. Wooldridge.

The Workmen's Compensation Commission denied compensation to John David: having found as a fact that actual dependency did not exist in July, 1947; and having concluded as a matter of law that, under the 1939 Workmen's Compensation Law, legal dependency did not exist in July, 1947. The Circuit Court, in reversing the Commission, left undisturbed the fact finding regarding actual dependency, but concluded that legal dependency did exist as a matter of law. From the Circuit Court's judgment allowing compensation, the employer and its insurance carrier bring this appeal.

### Decision

At the outset, it must be noted that this case is necessarily to be decided under our 1939 Workmen's Compensation Law, since Mr. Wooldridge died in 1947, which was before the adoption of the 1948 law. Section 15 (h) of the 1939 Act, now found in § 81-1315 Ark. Stats. Permanent Volume, says: "All questions of dependency

shall be determined as of the time of the injuries." Section 15 (h) of the 1948 Act, now found in § 81-1315 of the 1951 Cumulative Pocket Supplement of Ark. Stats., has the same language. Therefore, in this opinion we refer to the 1939 Act unless otherwise stated.

We.find nothing in the applicable law that is opposed to the judgment of the Circuit Court. Section 81-1302 (j) says:

"(j) 'Child' includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but shall not include married children unless wholly dependent upon the deceased. . . . 'Child' . . . shall include only persons who, at the time of the death of the deceased, are under the age of 18 years; . . ."

Section 81-1315 (c) in the topic entitled "Beneficiaries",[2] says:

". . . the following percentage of the average weekly wages of the deceased employee shall be paid as compensation for death to the persons entitled thereto under this Act, in the following order or preference: . . . (4) To children, if there is no widow or widower, 15 percentum for each child. . . ."

Section 81-1315 (d) Ark. Stats., in the topic entitled "Termination of Dependence",[3] says:

". . . the dependence of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age, or upon marriage."

Thus, there is entirely absent from the 1939 Workmen's Compensation Law, any statement either (a) that the act of adoption takes a child out of the terminology of

[2] The word "Beneficiaries" does not appear in the Act. It is a heading word added by the compilers of Ark. Stats. and is not a part of the official Act.

[3] These words, "Termination of Dependence" do not appear in the Act. They are heading words added by the compilers of Ark. Stats. and are not a part of the official Act.

"child" of the natural father, or (b) that actual dependency must be proved as regards a natural child under 18 years of age. In fact, the Act looks entirely to the opposite conclusion: because in § 81-1302 (j), a stepchild or an acknowledged illegitimate child must be shown to be dependent on the deceased; and a married child is not included unless wholly dependent. on the deceased. The requirement of *proof of dependency* for stepchildren, acknowledged illegitimate children and married children, indicates rather clearly that dependency does not have to be proved as regards a natural child under 18 years of age. Likewise, under § 81-1315 (d), as above quoted, it is stated that the dependence of a child will terminate at 18 except for a physically or mentally incapacitated child. The statement—that a physically or mentally incapacitated child may be found to be dependent after 18—indicates that no proof of dependence need be made by any natural child who is under 18 years of age.

To sustain its contention that actual dependency must be established and that there is no legal presumption of dependency in this case, appellant cites several cases from other jurisdictions, a few of which we list and discuss:

a) *Veith* v. *Patterson*, 236 Ky. 845, 34 S. W. 2d 717. In that case, the Kentucky statute was involved which provided in part: "The following persons shall be presumed to be wholly dependent upon a deceased employee: . . . (c) A child or children under the age of 16 years . . . upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. . . ." The Kentucky court held that since the child was not in fact living with or supported by the parent at the time of the accident, there was no presumption of dependency shown. The difference between the Kentucky statute and our statute is so clearly apparent that the case affords no support to the appellant in the case at bar.

b) *Haynes* v. *Loffland*, (La. Court of Appeals) 34 So. 2d 880. This case was decided under a Louisiana

statute, which stated that there was a conclusive presumption of dependency in favor of children living with the parent, but "in all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; . . ." The Louisiana Court said of the case it was deciding: "The child was not living with the father, consequently, there is no presumption that he was dependent upon the father, and the question of dependency must be determined 'in accordance with the facts' . . ." Thus it is readily apparent that the Louisiana statute is entirely different from our statute; and the Louisiana case affords the appellant no support in the case at bar.

Neither side to this litigation has cited us to a case which involves a workmen's compensation statute identical to § 81-1315 Ark. Stats.; and our search has failed to reveal such a case. But both the Pennsylvania statute and the Delaware statute resemble our § 81-1315 in many respects.[4] The Pennsylvania statute was discussed in *Nordmark* v. *Indian Queen Hotel,* 104 Pa. Super. 139, 159 Atl. 200. There, the Pennsylvania Court, quoting from an earlier case, said of children under 16 years of age: " 'Actual dependence, in the sense that they were being supported wholly or partly by the father at the time of the accident was not made a condition of their right to receive compensation' . . ."

Furthermore, in *Cairgle* v. *American Radiator Corp.,* 366 Pa. 249, 77 Atl. 2d 439, the Supreme Court of Pennsylvania said of the same statute:

"Under section 307 of the Workmen's Compensation Act of June 2, 1915, as amended by the Act of April 26, 1929, P. L. 829, 77 P. S. Secs. 561, 562, legitimate children under the age of sixteen are entitled to compensation regardless of residence with their father or contributions of support from him. *Morris* v. *Glen Alden Coal Co.,* 136 Pa. Super. 132, 134, 7 A. 2d 126; *Nordmark* v. *Indian*

---

[4] Section 16 of the Workmen's Compensation Law of Florida is similar to § 81-1315, Ark. Stats.; but we have been unable to find any decision of the Florida court on the point here involved.

*Queen Hotel Co.,* 104 Pa. Super. 139, 159 A. 200; *Kusiak* v. *Hudson Coal Co.,* 91 Pa. Super. 106; *Polasky* v. *Philadelphia & Reading Coal & Iron Co.,* 82 Pa. Super. 182.'' The Delaware Court, in *Wilson* v. *Hill,* 71 Atl. 2d 425, held that a legitimate child was entitled to workmen's compensation benefits from the employer of the child's deceased parent, irrespective of actual dependency of such minor child. The Delaware Court said:

''The Pennsylvania courts seem to have held consistently that similar language in the Pennsylvania act entitles the legitimate children of the deceased to compensation under the Workmen's Compensation Law, irrespective of actual dependency upon the deceased parent. . . . *Nordmark* v. *Indian Queen Hotel Co.,* 104 Pa. Super. 139, 159 A. 200. I cannot find any distinguishing feature in this respect between the law of this state and the law of Pennsylvania.''

Without prolonging this opinion, we conclude that the Circuit Court was correct in ordering compensation awarded to the minor child herein. Therefore, the Circuit Court judgment is in all things affirmed.

Mr. Justice WARD dissents.