## No. 10,022.

EMPLOYERS' MUTUAL INSURANCE CO., ET AL. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided June 6, 1921.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Dependents—Adoption.*   The question

of who are dependents under the workmen's compensation law, is controlled by section 57 of the act of 1919.

Section 58 prescribes the conditions on which the right to death benefits shall lapse, but the adoption of a minor dependent is not among them.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission allowed compensation to certain minor children of James A. Powell, deceased, including defendant in error, Beverly L. Powell. The district court affirmed the award and the Insurance Company seeks to review that judgment.

The material facts are that James A. Powell was killed January 28th, 1920, by an accident arising out of and in the course of his employment and left minor children among whom was said Beverly, but April 10th, 1920, Beverly was legally adopted by one Galley and is now known as Beverly L. Galley, and it is claimed that he can no longer be called the son of Powell and so is not entitled to compensation, after April 10, 1920.

S. L. 1919, Ch. 210, § 57, provides that,

"The question as to who constitute dependents and the extent of the dependency shall be determined as of the date of the accident to the injured employe and the right to death benefit shall become fixed as of said date, irrespective of any subsequent change in conditions."

Section 58 prescribes the conditions on which the right to death benefit shall lapse, but the adoption of a minor dependent is not among them.

The arguments that the adopted child has ceased to be

dependent and that he could collect two death benefits at the same time if his adopted father should be killed by accident in the course of his employment, would be forceful if addressed to the legislature but the statute is explicit and we cannot add to or take from it.

Judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.