(No. 6211. February 20, 1936.)

FRANCES M. McRAE, Respondent, v. SCHOOL DISTRICT No. 23 OF PAYETTE COUNTY, IDAHO, and STATE INSURANCE FUND, Appellants.

[55 Pac. (2d) 724.]

J. R. Smead, for Appellant.

John H. Norris and C. J. Schooler, for Respondent.

MORGAN, J.—September 9, 1925, respondent sustained an injury by accident arising out of and in the course of her employment as a teacher by School District No. 23 of Payette County. State Insurance Fund was, at that time, the district's surety for the payment of compensation to its employees provided for by the Workmen's Compensation Law. The next day after the accident respondent was able to and did resume the work of her employment and continued therein until September 3, 1929, at which time, as a result of injury sustained from the accident she became, and has since been, totally disabled. Respondent filed notice of injury and preliminary application for compensation, which is certified by the clerk of the school board and dated September 14, 1925, and is stamped received September 16, 1925, by the claims department of the State Insurance Fund, and September 17, 1925, by the Industrial Accident Board.

At the time of the accident respondent was a widow and had two dependent children under 18 years of age. Her earnings, in her employment as school teacher, were such that if she be found to be without dependents, as that term is used in the Workmen's Compensation Law, her compensation should be at the rate of $12 a week, but if her children were dependent on her, within the meaning of the law, it should be $16 a week.

The facts of the case are presented by stipulation wherein it is recited:

"That no agreement respecting compensation was reached between the said Frances M. McRae and the insurer, State Insurance Fund, other than such as may be implied from the payments made by the State Insurance Fund with knowledge of the fact, as disclosed in the notice of injury and claim for compensation hereafter referred to; . . . . That no award was at any time made by the Industrial Accident Board in the matter of the disability of said Frances M. McRae.

.   .   .   .   .   .   .   .   .   .   .   .   .

"That commencing with the period of disability for work of the said Frances M. McRae, to-wit, from the 10th day of September, 1929, and continuously until and including the 16th day of August, 1933, the State Insurance Fund, as such

insurer, paid to the said Frances M. McRae compensation at the rate of $16.00 per week; and since the said 16th day of August, 1933, the said State Insurance Fund has paid to her compensation at the rate of $12.00 per week pursuant to a stipulation between the State Insurance Fund and the said Frances M. McRae, by her attorney, that such payments should be without prejudice to the lawful rights or claims of either party under the provisions of the Workmen's Compensation Act.

''That at the time the said Frances M. McRae became disabled for work on account of said injury, as hereinabove set out, the said children of the said Frances M. McRae had become respectively 21 and 18 years of age. That since becoming 18 years of age neither of the said children has been mentally or physically disabled.''

January 29, 1934, appellants filed a petition with the Industrial Accident Board praying that an order be made fixing and determining the liability of appellant, State Insurance Fund, if any, for compensation to respondent, and authorizing it to deduct from any amount thereafter to be paid as compensation the payments it had theretofore made in excess of the amounts due to respondent. The petition was answered by respondent and she prayed for an order that it be dismissed, appellant take nothing thereby, and that an award be made in her favor against appellants, and each of them, for compensation at the rate of $16 a week from September 10, 1929, for 400 weeks, and $8 a week thereafter.

From an award in favor of respondent appellants appealed to the district court, which entered judgment for respondent and against appellants, and each of them, directing an award of compensation, during the continuance of her total disability for work, at the rate of $16 a week for a period not to exceed 400 weeks from and including September 3, 1929, less any amount paid to her as compensation by State Insurance Fund, and thereafter a weekly compensation of $6 a week. This appeal is from the judgment.

The only question presented to us for decision is whether respondent is entitled to additional compensation provided by the Workmen's Compensation Law because of her children who were dependent on her at the time of her acci-

dent, but who were not dependent during any part of her period of disability arising therefrom.

A case involving claim for compensation by an employee for loss of earning capacity, the amount of indemnity for which is governed by time lost from his employment, his average wages and the number and relationship to him of his dependents, differs from cases involving claims of dependents of employees who have lost their lives by accidents arising out of and in the course of their employment. Each of these classes of cases is governed by a statute applicable to it and not to the other.

I. C. A., sec. 43–1101, relates to death benefits payable to, or for the benefit of, the dependents of an employee who has lost his life by accident arising out of and in the course of his employment. Section 43–1102 is as follows:

"The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act:

"A child if under eighteen years of age, or incapable of self-support and unmarried, whether actually dependent upon the deceased or not.

"The widow only if living with the deceased at the time of the accident, or actually dependent wholly or partially, upon him.

"The widower only if incapable of self-support and actually dependent, wholly or partially, upon the deceased, at the time of her injury.

"A parent or grandparent only if actually dependent, wholly or partially, upon the deceased.

"A grandchild, brother or sister only if under eighteen years of age, or incapable of self-support, and wholly dependent upon the deceased.

"The relation of dependency must exist at the time of the accident."

While the first and last paragraphs of that section, standing alone, invite the thought that reference is made to the Workmen's Compensation Law as a whole, and that the relation of dependency upon any injured employee must exist at the time of the accident which caused it, a reading of the entire section will show it will not bear that construction but is confined to death benefits mentioned in the section im-

mediately preceding it, because each of the intervening paragraphs of the section quoted specifically refers to, and is confined to, those who were dependents on the deceased employee.

Section 43–1110 has reference, specifically, to cases like the one here under consideration, to-wit, total disability from injury incurred by accident arising out of and in the course of claimant's employment, and fixes the amount of compensation and the period during which it shall be paid. It provides:

"Where the injury causes total disability for work, the employer during such disability . . . . shall pay the injured employee weekly compensation equal to fifty-five per cent of his average weekly wages, but not more than twelve dollars, nor less than six dollars per week for a period not exceeding 400 weeks, and thereafter a weekly compensation of six dollars a week. . . . . "

The section further provides for the payment of additional compensation, during a period of not to exceed 400 weeks, if the injured employee has a dependent child or children under eighteen years of age, or incapable of self-support and unmarried.

The language of sec. 43–1110 leaves no room for doubt that the period of compensation for an injured employee, whose disability is total, is fixed by the duration of the disability and does not commence with the date of the accident, unless the accident and the commencement of the disability are simultaneous.

This construction is supported by the purpose of the Workmen's Compensation Law, which is to secure compensation for employees disabled, in whole or in part, from earning the support of themselves and their dependents, payable because of and during the period of their disability; also to secure compensation for the dependents of employees who have been killed by accident arising out of and in the course of their employment. There is nothing to be found in the law to indicate a legislative intention to provide for compensation for an employee because of an accident which has not resulted in injury causing disability, nor for payment of compensation covering a period of time when the employee is not disabled.

At no time during respondent's disability did she have dependents within the meaning of the Workmen's Compensation Law. Therefore, her compensation should have been at the rate of $12 a week, and the rights of the parties with respect to sums paid in excess of that are governed by sec. 43-1119, which is as follows:

"Any payments made by the employer or his insurer to the injured workman during the period of disability or to his dependents, which, by the terms of this act, were not due and payable when made, may, subject to the approval of the board be deducted from the amount to be paid as compensation; provided, that in case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payments."

The case is remanded to the district court with direction to remand it to the board to be disposed of in accordance with the views herein expressed.

Holden and Ailshie, JJ., concur.

Budge, J., concurs in the conclusion reached.

GIVENS, C. J., Dissenting.—The question is when the accident and the disability are not synchronous, at which time must there be dependents to authorize the increased allowances under I. C. A., sec. 43-1110. The majority opinion holds that I. C. A., sec. 43-1102, is not applicable to the determination of this question but applies only to the time of dependency in death cases, yet in no other section in the Workmen's Compensation Act is there a definition of a dependent, and the opinion itself adopts the definition in I. C. A., sec. 43-1102, of dependency as a child or children under 18 years of age who are incapable of self-support or unmarried. If the legislature intended that I. C. A., sec. 43-1102, *supra*, should make the definition therein contained of a dependent apply to cases of disability under I. C. A., sec. 43-1110, and the opinion so intimates and I think correctly so, it seems to me to be clear that the legislature equally intended I. C. A., sec. 43-1102, *supra*, should

fix the determinative time of dependency. The phrasing of this section is all inclusive:

"Dependents.—The following persons, and they only, shall be deemed· dependents and entitled to compensation under the provisions of this *act:* . . . . " (Italic mine.)

and fixes the date of dependency as follows:

"The relation of dependency must exist at the time of the accident."

The act, at the time it was adopted, its amendments and the decisions of this court, recognize the distinction between accident and injury (I. C. A., sec. 43–1101, and *In re Larson,* 48 Ida. 136, 279 Pac. 1087), and the stipulation herein differentiates between the accident and the period of disability. The legislature then knew and it appears intended that the definition of dependents in I. C. A., sec. 43–1102, should apply not only in situations where death ensues but of either partial or total disability, and in as strong language as it defines dependency it stated when the dependency should exist to justify compensation. Any other construction would lead to this result: In the case of death if the accident occurred any time within two years before the death and there were dependents at the time of the accident, though not at the time of death, compensation would be paid under sec. 43–1101, *supra,* taking into consideration such dependents; if, however, at the time of the accident there were dependents, but it resulted only in later disability as herein, when there were no dependents, compensation would not be paid on the basis of dependency. True such construction would prevent recovery of the additional amount if the injured workman acquired dependents after the accident; that, however, is a question of the wisdom of the legislation and not the construction of the statute. Any other construction would lead to two different standards of payment. In other words if we look to sec. 43–1102, *supra,* to determine who are dependents, and we must, because there is no other section defining a dependent, there is just as much reason to look to that section to determine *when* there is dependency which by the section is fixed as of the date of the accident.

I therefore dissent.

Petition for rehearing denied.