MILDRED DAY, appellant, v. TOWN CLUB et al., appellees; WANDA COFFMAN, guardian, intervenor.

No. 47676.

(Reported in 45 N.W.2d 222)

DECEMBER 12, 1950.

Lorna L. Williams and Emmert, James, Needham & Lindgren, all of Des Moines, for appellant.

Emerett C. Hansen and Don G. Allen, both of Des Moines, for intervenor-appellee.

Comfort, Comfort & Irish and Berry O. Burt, all of Des Moines, for other appellees.

HAYS, J.—This is an appeal from a decree sustaining an award of death benefits under the Workmen's Compensation Act. Liability is admitted, and the issue presented is who are the beneficiaries under section 85.42, Code, 1946.

Section 85.42, Code, 1946, provides:

"Conclusively presumed dependent. The following shall be conclusively presumed to be wholly dependent upon the deceased employee:

"1. The surviving spouse [with exceptions not here applicable].

"2. A child or children under sixteen years of age, and over said age if physically or mentally incapacitated from earning, whether actually dependent for support or not upon the parent at the time of his or her death. An adopted child or children or stepchild or stepchildren shall be regarded the same as issue of the body.

"3. A parent of a minor who is receiving the earnings of the employee at the time when the injury occurred. Stepparents shall be regarded as parents."

Briefly, the facts are: Thomas Day, the deceased employee, died in May 1948. In 1943 he was divorced by his then wife, Wanda Day (now Coffman), she being given the custody of their two daughters, Veronica and Hyla Patricia, now about nine and eleven years of age, respectively. In 1943 the decree was modified whereby decedent obtained custody of Hyla Patricia. Thereafter decedent married Mildred Day, surviving spouse, to which union was born a daughter, Joan. Wanda Day married Wayne Coffman in 1944 and Veronica Day was taken into their home as a member of the family. There is a dispute in the facts as to where Hyla Patricia made her home, the commissioner finding it to be with decedent. However, in view of our holding, we do not deem this to be material.

The court awarded Mildred Day and daughter, Joan, $13.34 per week for three hundred weeks; Hyla Patricia Day, $6.44 per week for three hundred weeks; and denied an award to Veronica Day. Only Mildred Day, claimant, has appealed.

Appellant asserts that under the rule announced in Hoover v. Central Iowa Fuel Co., 188 Iowa 943, 176 N.W. 945, Wayne

Coffman, as stepfather, is substituted for the natural father and that only as to him is Hyla Patricia to be deemed a dependent, under section 85.42, Code, 1946. She further contends that the relationship of stepfather-stepchild is created by his marriage to Wanda Day and whether or not this relationship is recognized by the stepfather by taking the child into his home as a member of the family is immaterial; that the test announced in Menefee v. Chesley, 98 Iowa 55, 66 N.W. 1038; annotation 62 A. L. R. 160, 166, is not applicable.

Both the commissioner and the trial court adopted the theory that, in a legal sense the relationship of stepfather-stepchild is created only where the child has been accepted as a member of the family. With this as a yardstick, they followed the rule announced in the Hoover case by granting benefits to Hyla Patricia, who, under their finding, was not so recognized, and denying the same to Veronica, who had been thus recognized. This is in accord with the Hoover decision if it is examined strictly in the light of its own facts. However, appellant places a much narrower interpretation upon the rule there announced, asserting that in all cases where a child's parent marries there automatically arises the relationship of stepparent-stepchild irrespective of whether or not the child is accepted into the family, and thus ceases to be presumed a dependent of the natural parent. We concede that it has been so accepted and cited as authority therefor and we thus deem it proper to re-examine the same, particularly in view of the provisions of the present Workmen's Compensation Act.

The Hoover case was decided in 1920. At that time the Employers' Liability and Workmen's Compensation Act, chapter 8-A, section 2477-m16, Code Supplement, 1913, in addition to providing, as does the present act (section 85.42, supra), that a child under sixteen years of age is conclusively presumed to be wholly dependent "whether actually dependent for support or not upon the parent at the time of his death", also provided that "stepparents shall be regarded in this act as parents." This last quote is not in the present act. The court considered this statement to be an exception to the first quote above, and said at page 946 of 188 Iowa (Hoover case):

"The first provision leaves the right to recover on account of the death of a 'parent.' The second one necessarily deals with cases where there is a stepfather. It does so by declaring that, for the purposes of the act, the stepparent is the parent. There is nowhere an indication that anyone can have more than one set of 'parents.' * * * The sole purpose of the last and qualifying clause, then, must be to enact that, as between stepfather and natural father, the infant can recover for nothing but an injury to the stepfather. We find it impossible to interpret a statute which provides a recovery for the death of a parent, and expressly declares that, for the purposes of administering the statute, stepparents, if they exist, shall be deemed to be the parents, into meaning, not that stepparent becomes a substitute for parent, but that the child may recover on account of injuries to either the natural parent, the stepparent, or to both. The statute substitution is idle if there may be recovery for injury to one for whom the statute substitutes another."

Thus it appears that the holding that the stepparent is substituted for the natural parent is due to the clause "stepparents shall be regarded in this act as parents." Assuming that this clause justified such a conclusion, the same is not found in the present act and thus the foundation for such a conclusion does not now exist.

Section 85.42(3) contains the clause "stepparents shall be regarded as parents", but it will be observed that it appears in connection with the provision of dependency where the parent is entitled to the earnings of the minor. In such a case, where the stepparent is such in a legal sense, in that the relationship has been recognized and assumed by the stepparent, it may be intended as a substitution of the stepparent for the natural parent, a question we do not here determine. However, the clause "stepparents shall be regarded as parents", as used above, is vastly different from the provision in the original act that "stepparents shall be regarded in this act as parents" and must be restricted to the specific provision to which it is attached.

In construing the provisions of the Workmen's Compensation Act a liberal construction in aid of accomplishing the object and purpose of the enactment is generally applied even

though it be in derogation of the common law, upon the ground that such legislation is remedial in character. Bidwell Coal Co. v. Davidson, 187 Iowa 809, 174 N.W. 592, 8 A. L. R. 1058; Everts v. Jorgensen, 227 Iowa 818, 289 N.W. 11; 58 Am. Jur., Workmen's Compensation, section 27. One aim of the act is to ensure support in the event of the death of an employee to those normally entitled to same, who are, as determined by the legislature, children under sixteen years of age whether actually dependent or not. Giving to the act a liberal construction, in the absence of specific legislative directive, a rule of inclusion rather than exclusion should be applied in the designation of dependents.

In our judgment the fair and reasonable construction to place upon section 85.42, Code, 1946, is that every child under sixteen years of age is deemed to be "conclusively dependent" upon its natural parent even though at the time of the death of the parent, due to an industrial accident, such child is residing in the home of a stepparent as a member of such family. While this will in some instances result in a double dependency, we do not find this to be disturbing and think it very analogous to the situation where an adopted child is granted the right to inherit not only from its natural parents but from its adoptive parents as well. As said in Holmes v. Curl, 189 Iowa 246, 252, 178 N.W. 406, 408, "Plaintiff did not lose her right to inherit from her father by her adoption, but acquired an additional right of inheritance." In so far as Hoover v. Central Iowa Fuel Co., 188 Iowa 943, 176 N.W. 945, is in conflict with this pronouncement it is overruled.

Appellant urges other propositions which we do not deem material in view of our holding herein, and hence we do not consider them. Finding no error in the decree of the trial court, the same is affirmed.—Affirmed.

All Justices concur.