372 P.2d 406

In re William E. JONES, Deceased.

Clifton B. EDWARDS and Inez Edwards, husband and wife, parents by adoption and legal guardians of the estates of Cheryl Joy and Vicki Ruth, both formerly Jones, being natural children of the deceased, Plaintiffs-Respondents,

v.

HOLMES CONSTRUCTION COMPANY, Inc., Employer, and Employers Mutual Liability Insurance Company of Wisconsin, Surety, Defendants-Appellants.

No. 9020.

Supreme Court of Idaho.

June 14, 1962.

Paul S. Boyd, Boise, for appellants.

Sasser & Danahy, Tampa, Fla., and Reginald R. Reeves, Idaho Falls, for respondents.

SMITH, Chief Justice.

This appeal involves the question whether minor children are entitled to payment of workmen's compensation benefits growing out of the death of their father in covered employment, after the children were legally adopted by a married couple.

The facts are not in dispute. May 2, 1958, William E. Jones received a personal injury caused by an accident arising out of and in the course of covered employment which resulted in his death on that date. He left surviving his widow, Valeria Jones, and three minor children by former marriages, i. e., a son Robert Bruce, born December 1, 1941, and two daughters, Cheryl Joy, born January 1, 1949, and Vicki Ruth, born October 11, 1950.

Appellants, employer and surety, admitted liability for payment of, and paid, workmen's compensation death benefits to the surviving widow and children until marriage of the eldest child, the son, October 3, 1958.

The Industrial Accident Board thereupon reapportioned the remaining death benefits between the surviving widow and the two minor daughters. Appellants then paid the compensation benefits to the widow and the two children until January 8, 1960, and, following January 8, 1960, to the widow only.

Appellants terminated the compensation payments to the two children because of their legal adoption February 16, 1960, by a married couple, Clifton B. Edwards and Inez Edwards, who, in addition to being

the parents by adoption, also are the legal guardians of the persons and estates of the children; in such representative capacities, they sought an order of the Industrial Accident Board compelling the employer and surety to resume payment of the compensation benefits to the children. There is no issue concerning payment of benefits to decedent's widow.

The Board, after a hearing, made an award to the two minor children; it ordered appellants to continue payment of the benefits to the children in accordance with the Board's previous order (which apportioned the payments to decedent's surviving widow and the two daughters), from and after the date of the son's marriage, October 3, 1958, and particularly to each child until she shall have attained the age of 18 years, unless her right to compensation be sooner terminated by death or marriage.

Appellants' assignments of error are designed to test whether the Board's award is correct; or whether the Board should have denied further compensation benefits to the two minor children from and after the time of their legal adoption February 16, 1960.

Appellants base their arguments, that the Board erred in entering the award in favor of the children, essentially upon two lines of reasoning, i. e., (1) that adoption terminates a child's status as a dependent upon his parent, and conversely, the adoption terminates the parent's duty to support his child; and (2) that in view of I.C. § 72–310, which provides total disability compensation for an injured workman and his dependents, including "a dependent minor child or children," the right of a child to compensation is contingent upon continuing dependency.

For the purpose of death benefits, I.C. § 72–302 defines dependents as including "a child, if under eighteen years of age, or incapable of self-support and unmarried, *whether actually dependent upon the deceased or not*," (emphasis supplied), which relationship must exist at the time of the accident.

Sanders v. Ray[1], 67 Idaho 200, 174 P.2d 836, is controlling here, as recognizing the principle that a status of dependency of a child is not determinative of the child's right to benefits by reason of the death of the "parent" in covered employment. That case recognized the mandate of I.C.A. § 43–1102, now I.C. § 72–302, that a child is a deemed dependent, whether dependent upon the decedent "parent" or not.

---

1. Since the Sanders v. Ray decision (1946), the statute therein involved I.C.A. § 43–1105, now I.C. § 72–305, has been amended to provide that the term "child" does not include a step-child unless actually dependent. S.L.1953, ch. 207.

I.C. § 16–1509 relating to adoption of children generally, and providing that parents of the child are relieved from parental duties and responsibilities toward the child from the time of adoption, as argued by appellants, contemplates a change in relationship between the child and its parents living. Noteworthy, the case here does not involve an adoption occurring during the lifetime of the natural father, and therefore, decision on this proposition advanced by appellants is unnecessary.

Finally, appellants contend that the provisions of I.C. § 72–310, fixing the disability benefits of an injured worker during total disability for work, and eliminating increased benefits because of dependent children when the children cease to be dependent, indicate a legislative intent to require that a child's right to compensation be contingent upon actual dependency which must continue during the period of compensation award.

I.C. § 72–310 and its various subdivisions have to do with compensation payable to an injured workman, including increases in compensation payable to him because of his dependents, which may include his dependent wife and dependent child or children; whereas, I.C. § 72–302 has to do with compensation death benefits payable to a child as a deemed dependent, and others actually dependent upon the deceased; and I.C. § 72–303, prescribing the periods of payment of death benefits, provides that the benefits shall be paid to a child, a deemed dependent, until attainment of 18 years of age, unless sooner the child marries.

In McRae v. School Dist. No. 23 of Payette County, 56 Idaho 384, 55 P.2d 724, this Court held that the status of dependency under I.C.A. § 43–1101, now I.C. § 72–301, "relates to death benefits payable to, or for the benefit of, *the dependents of an employee who has lost his life by accident* arising out of and in the course of his employment" (emphasis supplied); whereas I.C.A. § 43–1110, now I.C. § 72–310, which provides total disability benefits, has reference, specifically, to cases of "total disability from injury incurred by accident arising out of and in the course of claimant's employment." This Court then further remarked, "Each of these classes of cases is governed by a statute applicable to it and not to the other."

The award of the Industrial Accident Board in favor of the two minor children, Cheryl Joy and Vicki Ruth, is affirmed. Costs to respondents

TAYLOR, KNUDSON, McQUADE and McFADDEN, JJ., concur.