THOMPSON WHOLESALE COMPANY, appellant, v. JOHN D. FRINK et al., appellees.

No. 51478.

(Reported in 131 N.W.2d 779)

194

December 15, 1964.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Earl C. Fishbaugh, Jr., of Shenandoah, for appellee Harold Ambrose.

Ivan Wilson, of Shenandoah, for appellees John D. Frink and P. F. Peterson Baking Company.

GARFIELD, C. J.—This is a law action by Thompson Wholesale Company (herein called Thompson) to recover for damage to its pickup truck arising from a collision in which two other vehicles were involved. One was a pickup truck owned by P. F. Peterson Baking Company (herein called Peterson), driven by Frink. The other was a tractor and grain trailer owned and driven by Ambrose. Peterson, Frink and Ambrose are defendants.

Trial was to the court without a jury. The court found Thompson (driver of its truck) was contributorially negligent in two respects and denied recovery. Plaintiff's appeal from the adverse judgment challenges these findings.

The collision occurred about 2 p.m. on March 5, 1959, on U. S. Highway 2 west of Bedford. Plaintiff's pickup was following the Peterson pickup, traveling west. The Ambrose vehicle was coming from the west. It was snowing and the wind was blowing hard. Visibility was poor. The highway was icy and slippery in places. Thompson and Frink met in a cafe at Bedford and left there about the same time "so we could be together if something went wrong." They drove at speeds of 10 to 20 miles per hour, with Thompson 100 to 200 feet behind Frink.

Plaintiff testifies that when it was about halfway up a hill the Peterson pickup stopped and sat there a moment. When plaintiff was about 115 feet east of it, the stopped pickup started back toward plaintiff's. Plaintiff started to turn to the left, moved 15 or 25 feet forward when his pickup was struck by the Peterson vehicle. A collision between the Peterson pickup and the Ambrose truck going east caused the pickup to be pushed back east, down the hill, into plaintiff's pickup. Frink estimates the Ambrose truck was 50 to 75 feet west of him when he first saw it. The evidence is in some conflict as to where with reference to the center of the highway Frink and Ambrose collided.

I. .. The trial court found plaintiff was contributorially negligent in violating sections 321.307 and 321.308, Code, 1962. The former provides: "Following too closely. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

So far as applicable here, 321.308 states: "Motor trucks * * *—distance requirements. The driver of any motor truck * * *, when traveling upon a roadway, outside of a business or residence district shall not follow within three hundred feet of another motor truck, * * *."

It clearly appears from plaintiff's own testimony that its pickup was following the Peterson pickup at much less than 300 feet.

Plaintiff raises three points which we consider in the order presented. It is said section 321.308 does not apply to a pickup truck such as plaintiff's, but only to trucks restricted by section 321.286 to a speed of 50 miles per hour. Plaintiff operated a wholesale cigarette and tobacco business in Clarinda and followed a regular route with the vehicle in calling on his customers. He also had cattle and moved them from place to place in the pickup with a stock rack on it.

Code section 321.1, subsection 4, defines "motor truck" as "every motor vehicle designed primarily for carrying livestock, merchandise, freight of any kind, or over seven persons as passengers."

Subsection 5 of 321.1 defines "pickup" as "any motor vehicle designed to carry merchandise or freight of any kind, not to exceed two thousand pounds."

Plaintiff's vehicle was designed to carry merchandise and freight not exceeding 2000 pounds. The statutory definition of motor truck seems clearly broad enough to include a pickup even though the definition of pickup is not broad enough to include all motor trucks. Under these definitions a motor vehicle designed to carry merchandise or freight of any kind is a motor truck and if its capacity does not exceed 2000 pounds it is also a pickup. By analogy, a motor truck is a motor vehicle as defined by statute even though the definition of motor truck is not broad enough to include all motor vehicles.

There is no basis for holding section 321.308, supra, applies, as plaintiff contends, only to those motor trucks which section 321.286, subsection 1, limits to a speed of 50 miles per hour. This provision makes it unlawful to drive a freight-carrying vehicle with pneumatic tires, "with a gross weight of over five thousand pounds," in excess of 50 miles per hour. Nothing in section 321.308 limits the 300-foot distance requirement therein to trucks with a gross weight of over 5000 pounds. It must be assumed that if the legislature intended 321.308 to be so limited in application it would have so provided.

It is not our function to rewrite these statutes. The legislature will soon convene and of course may, if it so desires, change the statutes we have considered to express the meaning plaintiff would give them.

■ We may observe, too, that even if plaintiff's argument with reference to the application of section 321.308 were accepted it would not warrant a reversal unless the trial court's finding plaintiff was contributorially negligent in violating section 321.307, supra, also cannot be upheld. That is to say, contributory negligence in a single respect would of course bar recovery. See as applicable by analogy In re Estate of Dashiell, 250 Iowa 401, 403, 94 N.W.2d 111, 112; and citations; Purcell v. Chicago & N.W. R. Co., 117 Iowa 667, 668, 91 N.W. 933.

■ II. Plaintiff argues section 321.307, supra, does not apply because at the time its pickup collided with the Peterson pickup the forward vehicle was moving backward. As we view it, the effect of this argument is not that 321.307 was not violated but that the violation did not contribute to the cause of the collision. We are clear the finding plaintiff violated this statute is supported by substantial evidence.

■ Section 321.307 is very broad. It prohibits following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles, the traffic and condition of the highway. There is ample evidence that when this collision occurred highway and weather conditions made for hazardous driving. A blizzard or near blizzard was in progress, visibility at times was almost zero, the highway was icy and slippery in places. Whether plaintiff's pickup followed Peter-

son's more closely than was reasonable and prudent under the circumstances was a question of fact, not of law.

In this connection we consider the evidence in the light most favorable to the trial court's judgment. Brown Mfg. Co. v. Crouse, 251 Iowa 594, 597, 102 N.W.2d 154, 156, and citations; Markman v. Hoefer, 252 Iowa 118, 127, 128, 106 N.W.2d 59, 65; Harlan Production Credit Assn. v. Schroeder Elevator Co., 253 Iowa 345, 348, 112 N.W.2d 320, 323.

Other propositions, for which authorities need not be cited, also have some bearing. Plaintiff had the burden to prove its freedom from contributory negligence. Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law. Findings of fact in a law action are binding upon us if supported by substantial evidence. See rule 344(f)8, 10 and 1.

III. Plaintiff thus states its third point: The distance at which plaintiff traveled behind the Peterson truck was not the proximate cause of the accident. One obvious answer to this is that if the point were conceded it would not support a reversal. Negligence of a plaintiff, to be contributory and so defeat recovery, need not be the proximate cause of the accident complained of. It is sufficient if such negligence "contributes in any way or in any degree directly to the injury." Hogan v. Nesbit, 216 Iowa 75, 79, 80, 246 N.W. 270, 272, and citations; Brewer v. Johnson, 247 Iowa 483, 486, 72 N.W.2d 556, 558, and citations; Aitchison v. Reter, 245 Iowa 1005, 1011, 1012, 64 N.W.2d 923, 927, and citations; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 715, 107 N.W.2d 85, 90. See also Uniform Jury Instruction 2.2 published by Iowa State Bar Association.

We cannot say as a matter of law that plaintiff's negligence in violating sections 321.307 and 321.308, or either of them, did not contribute in some degree directly to the collision. We think the trial court could properly find as a fact that it did. The distance between plaintiff's vehicle and Peterson's when the latter stopped momentarily on the highway, before Ambrose collided with it, depended largely on the distance at which the rear vehicle followed Peterson's. And Thompson's ability to

avoid the collision also depended to a considerable extent on the distance available to him.

We cannot say the pickups would not have collided if Thompson had not violated either statute or that the sole cause of the collision was the fact Ambrose's truck collided with Peterson's. Plaintiff may have been contributorially negligent even though the negligence of Ambrose was the proximate cause of the collision between the two pickups. Hogan v. Nesbit, supra.

We have frequently held the issue of proximate cause is ordinarily for the jury where there is substantial evidence of a defendant's negligence. Wilson v. Corbin, 241 Iowa 593, 604, 41 N.W.2d 702, 708, and citations; Daiker v. Martin, 250 Iowa 75, 84, 91 N.W.2d 747, 752. See also Wheatley v. Heideman, 251 Iowa 695, 707, 102 N.W.2d 343, 351. It seems at least equally clear the issue of contributory negligence is ordinarily for the jury (here the court, sitting as a jury) where there is substantial evidence, as we think there is here, of a plaintiff's negligence.

We find no reversible error in any of the respects asserted and argued.—Affirmed.

All JUSTICES concur.