**J. C. PATTON et ux., Appellants,**

v.

**Alice M. SHAMBURGER, Guardian, Appellee.**

**No. 4140.**

Court of Civil Appeals of Texas.

Eastland.

March 3, 1967.

Rehearing Denied March 24, 1967.

Huff & Bowers, Bob Huff, Lubbock, for appellants.

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, for appellee.

GRISSOM, Chief Justice.

Jack E. Patton was killed in the course of his employment. His employer's insurer paid into court the correct amount of death benefits under the Workmen's Compensation Law and asked it to determine who was entitled thereto. Such benefits were claimed adversely by the surviving father and mother of the deceased and by his two minor children, acting through their mother, Mrs. Alice M. Shamburger, as their guardian. The children's mother's second husband had adopted Jack E. Patton's children. It was further stipulated that Jack E. Patton and the present Mrs. Shamburger were divorced in 1956; that Jack E. Patton was killed in 1965; that Larry Estel and James Allen Patton, the minor children of Jack E. Patton, deceased, and Mrs. Alice M. Shamburger, were adopted by Charles D. Shamburger in 1963; that Mrs. Shamburger was their legally qualified guardian; that Jack E. Patton and Mrs. Alice M. Shamburger had no other children; that Jack E. Patton left no surviving widow; that J. C. and Fern Patton, the father and mother of the deceased, were dependent upon him and that Jack E. Patton had not contributed to the support of his children since their adoption by Shamburger.

In a trial to the court, it was held that the surviving children were entitled to the money so paid into court to the exclusion of deceased's surviving dependent parents, regardless of the fact that said children had been adopted before their natural father's death. The only issue presented is whether the adoption of said children by Mr. Shamburger before the death of their natural father deprived the children of their right otherwise to the Workmen's Compensation benefits due upon

the death of their natural father. Minor children are entitled to such compensation to the exclusion of surviving parents, regardless of the parents' dependency. Article 8306, Sec. 8a. It is clear that said children were entitled to recover said benefits unless they were deprived thereof by the fact that they were so adopted. All parties agree that this is a case of first impression and that there is no case directly in point in Texas. Appellee cites authorities from other jurisdictions having similar statutes. Dependency of the parents is not controlling.

In Stark v. Watson, Okl., 359 P.2d 191, there was a contest over such a fund between two natural children of a deceased workman, one of whom had been adopted prior to their father's death. The Supreme Court of Oklahoma held that an adopted child inherited from his natural parents. Such is the law in Texas. Adoption, Vernon's Ann.Civ.St. Article 46a, Sec. 9, page 151; V.A.T.S. Probate Code, § 40. That court said:

"Under the law of adoption, the natural parent and the adopting parent each must consent to the new relationship before the child can be legally adopted. By consent each is bound. The adopted child, the person principally affected by the transaction, has no choice and gives no consent. His natural parent, by his consent to his adoption loses his right to inherit from his natural son. But no one consents for the innocent and helpless subject of the transfer that he shall lose the right to inherit from his natural parent, whose issue, under section 701, he does not cease to be when the right to his control passes to another. Nor does he lose by adoption that right which the law of succession gives him, except when 'by the terms of express statute or by inexorable implication' the law of succession has been so limited and restricted."

In Jones v. Holmes Construction Company, 84 Idaho 327, 372 P.2d 406, the Supreme Court of Idaho held that the adoption of a minor during the compensation period did not terminate his right to such benefits.

In Shulman v. New York Board of Fire Underwriters, 15 A.D.2d 700, 223 N.Y.S.2d 312, the Supreme Court of New York held that the compensation law of New York provided for payment of death benefits to a surviving minor and that whether he was dependent was immaterial. There the minor had been adopted by another prior to the death of her natural father. The adoption law in New York, as in Texas, provides that an adopted child inherits from its natural parent. In holding that an adopted child was entitled to recover such death benefits that court said:

"In the process of explaining the meaning of the word 'child' as used in the Workmen's Compensation Law, the Legislature did not exclude the offspring of natural parents. It simply extended the meaning of the term to include certain parent-child relationships natural and artificial which, unless clarified, might be deemed not to be within the literal sense of the word. Had the purpose been to destroy the consanguineous connection between a father and his natural child adopted by another as the basis for an award of death benefits, the statutory definition certainly would have been so precisely written as to leave no doubt that such was its intent. Moreover, the care with which the Legislature preserved in related statutes the right of such a child to inherit from his natural parents is a reliable guide to the object sought to be accomplished by subdivision 2 of section 16. Neither logic nor reason dictates any real distinction between the statutory devolution of property in the case of intestacy and the succession to a right conferred by the Workmen's Compensation Law. Each has for its purpose the promotion of the economic good of the child. We think that the word 'child' as used in the statute was intended to embrace one having the kindred and adoptive ties of the infant appellant."

It is evident that our Legislature intended for the law of descent and distribution to determine the priority of classes entitled to recover such death benefits and provided that an adopted child should inherit from his natural parent.

█ We are indebted to both parties for excellent briefs. We conclude, as asserted by appellee, that the cases relied upon by appellants are distinguishable and that in all other jurisdictions from which authorities have been cited adopted children have been allowed to recover such benefits unless clearly excluded by statute.

The judgment is affirmed.