HOBSON, Acting Chief Judge.
Appellant Honorio Montanez was charged by information with grand larceny of a motor vehicle in violation of Section 812.-021, Florida Statutes (1977). A jury found him guilty of the charge and he was sentenced to five years probation, six months of which were to be served in jail, and a $5,000 fine.
The stolen property referred to in the charging document is a Caterpillar motor grader which appellant contends is not a “motor vehicle” as defined in Sections 320.-01(l)(a) and 520.02(1), Florida Statutes (1977). He argues that the State failed to prove each and every element of the crime charged and therefore his conviction of *MLXI grand larceny cannot stand. We agree and reverse the judgment and sentence appealed.
“Motor vehicle” is defined in Section 320.-01(l)(a) as:
(a) Automobiles, motorcycles, motor trucks, trailers, semitrailers,- tractor trailer combinations, and all other vehicles operated over the public streets and highways of this state and used as a means of transporting persons or property over the public streets and highways and propelled by power other than muscular power, but does not include traction engines, road rollers, such vehicles as run only upon a track, bicycles, or ‘mopeds,’ as defined in subsection 316.003(2). (emphasis supplied)
A similar definition in Section 520.02(1) states:
(1) ‘Motor vehicle’ means any device or vehicle, including automobiles, motorcycles, motor trucks, trailers, and all other vehicles operated over the public highways and streets of this state and propelled by power other than muscular power, but does not include traction engines, road rollers, implements of husbandry and other agricultural equipment and such vehicles as run only upon a track.
Appellant correctly maintains that a motor grader is not a vehicle “operated over the public highways and streets of this state.” Moreover, one cannot obtain a vehicle license to operate this type of equipment on the public highways. A motor grader does, however, depend on a traction engine for locomotion. Clearly, under statutory definitions, the Caterpillar motor grader is not a “motor vehicle.”
It is a well established principle that the State has the burden in a criminal case of proving each and every element of the crime charged to a degree beyond a reasonable doubt. With this rule in mind, we have reviewed the entire record before us and find a complete absence of evidence on the issue. The State simply did not deal with the element of establishing that the motor grader was a motor vehicle as charged.
We therefore hold that the judgment and sentence appealed in this cause should be and are hereby reversed.
RYDER and DANAHY, JJ., concur.