381 So.2d 635 (1979)
The CENTRAL FOUNDRY CO.
v.
Paul Anthony BROWN et al.
Civ. 2004.
Court of Civil Appeals of Alabama.
December 5, 1979.
Rehearing Denied January 9, 1980.
*636 Thomas B. Huie of Huie, Fernambucq, Stewart & Smith, Birmingham, for appellant.
William J. Donald, III of Zeanah, Donald & Hust, Tuscaloosa, for appellees.
WRIGHT, Presiding Judge.
This is a workmen's compensation case.
The employer appeals from an award of death benefits to the natural children of an employee who was killed in an industrial accident on July 15, 1978. We affirm.
The facts of the case are undisputed. The parents of the two minor claimants were divorced in 1972. In 1973 the claimants' mother remarried, and on May 31, 1976, her new husband adopted the two children.
Appellant contends that the trial court erred in finding that the natural children of the deceased employee, adopted by and living with an adoptive father before the death of the natural father, are "dependents" of the natural father and entitled to benefits under § 25-5-60, Code of Alabama (1975).
For purposes of the Workmen's Compensation Act certain persons are conclusively presumed to be wholly dependent upon the deceased employee. Among those presumed wholly dependent are "minor children under the age of 18 years and those over 18, if physically or mentally incapacitated from earning." § 25-5-61(3), Code of Alabama (1975). It is undisputed that both claimants are under the age of eighteen years and that they are the natural children of the deceased employee.
Appellant argues that under Alabama law concerning adoption the claimants are to be considered the children of their adoptive father and that they should no longer be considered "children" of the natural father as that word is used in § 25-5-61(3). We do not agree.
The term "children" as used in the Workmen's Compensation Act is defined to include ". . . posthumous children and all other children entitled by law to inherit as children of the deceased." § 25-5-1(2), Code of Alabama (1975). There is no statement in the Workmen's Compensation Act which indicates that the act of adoption takes a child out of the terminology of "children" of his natural father. All that is required is that the adopted child be entitled to inherit as a child of the deceased. Section 26-10-5(c)[1] of the Code ends with: "Nothing in this chapter shall be construed as debarring a legally adopted child from inheriting property from its natural parents or other kin."
We consider the reasonable construction of § 25-5-61(3) is that every child under the age of eighteen is conclusively presumed to be "wholly dependent" upon its natural parent, even though at the time of the death of the parent, the child had been adopted by and is living with adoptive parents. While this may in some instances result in a double dependency, we do not find this disturbing. The legislature in § 26-10-5(c) has given an adopted child the right of double inheritance. Such child may inherit from the adoptive parents and from the natural parents or other natural kin as well.
While this case presents a case of first impression in Alabama, other jurisdictions have been faced with the problem of an adopted child's right to workmen's compensation benefits upon the death of its natural parent and reached the same result. See, i. e., Snook v. Herrman, 161 N.W.2d 185 (Iowa 1968); Holland Construction Co. v. Sullivan, 220 Ark. 895, 251 S.W.2d 120 (1952); Shulman v. N. Y. Board of Fire Underwriters, 15 A.D.2d 700, 223 N.Y.S.2d 312 (1962).
*637 The trial court's award of benefits to claimants is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge, concurring specially:
The opinion authored by our presiding judge is correct under the existing law of Alabama. However, I see no rational basis for permitting an adopted child to retain a birthright of inheritance from his or her natural parents when their legal relationship has been terminated.
NOTES
[1] Adoption statute.