453 So.2d 870 (1984)
M.J.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2314.
District Court of Appeal of Florida, Second District.
August 1, 1984.
Jerry Hill, Public Defender, Bartow and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
In August of 1983, a petition for delinquency was filed charging that on July 12, 1983, M.J.S. committed trespass to a conveyance in violation of section 810.08, Florida Statutes (1983). M.J.S. filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), arguing that the construction backhoe upon which he was sitting on July 12 was not a conveyance under the statute. The state filed a traverse stating that M.J.S. was seen on the equipment, in the operator's seat, working and moving the controls/levers, and that the equipment was a conveyance. The trial court denied the motion to dismiss. Following the denial of the motion, M.J.S. changed his plea of not guilty to that of nolo contendere, specifically reserving his right to appeal the denial of the motion to dismiss. M.J.S. was adjudicated delinquent. We reverse.
On appeal, M.J.S. argued that the trial court erred in denying his motion to dismiss because the statutory definition of "conveyance" does not include heavy construction equipment such as a backhoe. "Conveyance" is defined in section 810.011(3), Florida Statutes (1983), as "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car... ." "Motor vehicle" is defined in section 316.003(21), Florida Statutes (1983), as "any vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but not including any bicycle or moped as defined in subsection *871 (2)." In subsection 316.003(75), Florida Statutes (1983), "vehicle" is defined as [e]very device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Similar definitions of motor vehicles and vehicles are found in sections 320.01, 322.01, and 520.02(7), Florida Statutes (1983). Chapter 316, Florida Statutes (1983), also contains a definition of special mobile equipment in section 316.003(49):
SPECIAL MOBILE EQUIPMENT.  Any vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including, but not limited to, ditchdigging apparatus, wellboring apparatus, and road construction and maintenance machinery, such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth-moving carryalls and scrapers, power shovels and draglines, and self-propelled cranes and earth-moving equipment. The term does not include house trailers, dump trucks, truck-mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached. (Emphasis added).
Obviously, by enacting section 316.003(49), the legislature does not consider vehicles for construction use to be "motor vehicles" as they have assigned such vehicles to a "special" category.
A backhoe, generally, is a tractor which is used for digging pipelines, ditches, holes, swimming pools, and so forth. Such equipment is not run on the streets and is not used for transporting people. The state argued that because sections 316.003(21) and 322.01 provide definitions which broadly include every vehicle which is self-propelled, the backhoe should be deemed a motor vehicle within the statutory definition of a conveyance. In Montanez v. State, 377 So.2d 980 (Fla. 2d DCA 1979), Montanez was charged and convicted of grand theft of a motor vehicle after he stole a Caterpillar motor grader. This court held that a motor grader is not a motor vehicle under the statutory definition of section 320.01(1)(a), Florida Statutes (1977), which specifically excluded traction engines.
Although the legislature did not specifically exclude backhoes in the definitional section on motor vehicles, it did tractor. A backhoe is a tractor which does not qualify as a motor vehicle because it is not designed or primarily used for the transportation of persons or property and, in addition thereto, is, in this case, a ditcher. A backhoe may be self-propelled, but such movement is only incidental to its main function. Such construction equipment is for all practical purposes within the definition of special mobile equipment, and should not be considered a conveyance.
In this case, the state failed to establish that a backhoe is a conveyance, and thus failed to establish each and every element of the crime charged. Thus, we REVERSE and set aside the conviction and sentence herein.
SCHOONOVER and LEHAN, JJ., concur.