MADDOX, Justice.
These appeals were consolidated because they arise from the alleged wrongful death of a workman covered by Workmen’s Compensation. The first question presented is whether the trial court erred in granting summary judgment in favor of the defendants on the ground that a minor child, who is adopted prior to her natural father’s death and is receiving no support from him at the time of his fatal injury lacked standing to sue as a “dependent” for his wrongful death under the provisions of Code 1975, § 25-5-11. This question was raised in appeal No. 82-1224. The minor child, after the date of this adverse ruling, sought and obtained permission to amend her original complaint to add the personal representative of the deceased workman as a party plaintiff. In fact, various procedural motions were filed in this case and judgments were entered on the various motions, but in reviewing the various motions and judgments, we are convinced that the question of the minor’s right to appeal the trial court’s judgment entered against her was preserved in this case. By treating the various motions and judgments as we do, we believe we follow the spirit of Rule 1, Ala.R.App.P., which states that the appellate rules “shall be construed so as to assure the just, speedy and inexpensive determination of every appellate proceeding on its merits.” In this case, therefore, we will treat the appeal by the minor in 82-1224 as preserving her right to question the trial court’s ruling that she lacked standing to sue. We will not treat the question of whether she could amend to add the personal representative in view of our holding that she did have standing. We understand that the issues in that appeal (83-111) were raised only as a result of what we have now determined to have been an erroneous ruling on the question of *56 the minor’s right to sue as a “dependent”; therefore, we consider the issues in appeal No. 83-111 to be moot and that the appeal is due to be dismissed.
The essential facts are as follows:
Joyce Victoria Ragsdale married Dennis Townley in 1970, and the appellant minor, Jacinda Nicole Ragsdale, was born on January 7, 1971. The Townleys were divorced in February of 1977. Victoria received custody of Jacinda. Dennis made monthly child support payments and had visitation rights. On June 1, 1978, Victoria married James Ragsdale, who adopted Jacinda in January of 1980. Dennis consented to the adoption, and never again visited Jacinda or paid child support.
On July 1, 1980, Dennis Townley was fatally injured while working in the line and scope of his employment with Alabama Power Company. Subsequently, on March 19, 1981, the Circuit Court of Lee County awarded Workmen’s Compensation benefits to the decedent's only child, Jacinda. On July 1,1981, Jacinda, as dependent child of Dennis Townley, by and through her next friend, filed a third-party wrongful death action against appellees. On June 27, 1983, appellees filed motions for summary judgment on the ground that Jacinda was not a “dependent” of the decedent and therefore lacked capacity to sue under Code 1975, § 25-5-11. The basis of appel-lees’ motion for summary judgment was that Jacinda had been adopted prior to the death of her natural father, and was not receiving child support from him at the time of his death.
We now address the appellant's request for review of the trial court’s order of July 29, 1983, in case No. 82-1224, which granted summary judgment in favor of the defendants on the ground that Jacinda was not “legally dependent” upon her natural father at the time of his death, and, thus, lacked standing to sue.
Code 1975, § 25-5-1(2), defines “child” or “children” as follows:
“CHILD or CHILDREN. Such terms include posthumous children and all other children entitled by law to inherit as children of the decedent; stepchildren who were members of the family of the deceased, at the time of the accident, and dependent upon him for support; a grandchild of the deceased employee, whose father is dead or an invalid, and who was supported by a member of the family of such deceased grandparent at the time of the accident.” (Emphasis added.)
Appellees contend that because Jacinda was not receiving financial support from her natural father, she was not “legally dependent” upon him. The definitions for the Workmen’s Compensation Act, however, do not require that the child receive financial support from her father in order to be deemed his dependent. Furthermore, Code 1975, § 25-5-1(3), part of the Workmen’s Compensation Act, defines dependent child as follows:
“DEPENDENT CHILD OR ORPHAN. An unmarried child under the age of 18 years or one over that age who is physically or mentally incapacitated from earning.”
We construe legislative .intent to be that “posthumous children and all other children entitled by law to inherit as children of the deceased” are “dependents” if they qualify under the provisions of Code 1975, § 25-5-1(3). As we construe legislative intent, only stepchildren and grandchildren must be dependent, in fact, upon the deceased for support in order to be considered a “child” under the Act. Here, Jacinda fits within the definition of “child” because she is entitled by law to inherit from the deceased. Although Jacinda had been adopted six months prior to the decedent’s death, this did not affect her right to inherit from or through either natural parent. See § 43-8-48(1), Code 1975 (1982 Repl.Vol.), which provides:
“An adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by the spouse of a natural parent has no *57 effect on the right of the child to inherit from or through either natural parent.” [1]
Jacinda also meets the definition of a dependent child, since she is under 18 years old and is not married.
The case of Central Foundry Company v. Brown, 381 So.2d 635 (Ala.Civ.App.1979), supports appellant’s contention that she is “dependent” within the context of Code 1975, § 25-5-11. In Central Foundry, the Court stated the following:
“[E]very child under the age of 18 is conclusively presumed to be ‘wholly dependent’ upon its natural parent, even though at the time of death of the parent, the child had been adopted by and is living with adoptive parents. While this may in some instances result in a double dependency, we do not find this disturbing.”
381 So.2d at 636.
In Central Foundry, the Court held that adopted children were entitled to death benefits pursuant to Code 1975, § 25-5-60 (part of the Workmen’s Compensation Act), for the death of their natural father who was killed in an industrial accident. The appellees contend that Central Foundry is limited to article 3 of Chapter 5 of Title 25, Code 1975, and, because the instant case is brought under article 1 of that chapter, it is inapplicable here. We disagree.
Although Central Foundry dealt with death benefits and the instant case deals with damages for wrongful death, we believe that the holding in Central Foundry is applicable to the entire Workmen’s Compensation Act. In Central Foundry the Court reviewed the entire Act and concluded the following:
“There is no statement in the Workmen’s Compensation Act which indicates that the act of adoption takes the child out of the terminology of ‘children’ of his natural father. All that is required is that the adopted child be entitled to inherit as a child of the deceased.”
381 So.2d at 636.
It would be inconsistent to find that a child was a dependent and, therefore, enti-tied to receive death benefits, but was not a dependent for purposes of maintaining a wrongful death suit pursuant to Code 1975, § 25-5-11.
We recognize that other jurisdictions hold that the statutory right of a child to recover for the wrongful death of its natural parent is divested once the child is adopted. See Powell v. Gessner, 231 So.2d 50 (Fla.Dist.Ct.App.1970); adopted by Supreme Court of Florida, Gessner v. Powell, 238 So.2d 101, 102 (Fla.1970); Johnson v. Parrish, 159 Ga.App. 613, 284 S.E.2d 111 (1981); Cormier v. Williams/Sedco/Horn Constructors, 460 F.Supp. 1010 (E.D.La. 1978); Go International, Inc. v. Lewis, 601 S.W.2d 495 (Tex.Civ.App.1980); Simmons v. Brooks, 342 So.2d 236 (La.Ct.App.1977). The rationale of these decisions is based upon the proposition that adopted children have no right of recovery for the wrongful death of the natural parents because the right of recovery is not a right of inheritance, but instead is a purely statutory right, and is divested when the biological child is adopted. These cases are not persuasive. Here, the definition of a “child” is one “entitled by law to inherit as [a child] of the deceased,” (emphasis added) Code 1975, § 25-5-1(2), and under § 43-8-48(1) this child had the right to inherit from the deceased.
We specifically hold that the minor child here was a “dependent” within the meaning of Code 1975, § 25-5-11. Under Code 1975, § 25-5-11, “if the deceased is an employee coming within the provisions of Workmen's Compensation and has dependents, any action for his wrongful death against a negligent third party must be brought by his dependents” and not the personal representative. Braxton v. Dixie Electric Cooperative, 409 So.2d 822, 823 (Ala.1982).
The judgment of the trial court in case 82-1224 is due to be reversed, and the *58 judgment in ease 83-111 is due to be dismissed.
REVERSED AND REMANDED AS TO CASE 82-1224; AND IN CASE 83-111, APPEAL DISMISSED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.

. Although § 43-8-48(1) became effective January 1, 1983, after this suit was brought, it did not change the prior law in this regard. See § 43-4-3, Code 1975.