SHAW, Justice
(concurring in the result).
This case involves an action under Ala. Code 1975, § 25-5-11, a provision of the Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq., seeking damages for the death of an employee. Section 25-5-11(a) states that “the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter ... and at the same time, may bring an action against the other party to recover damages for the injury or death.... ” (Emphasis added.) The defendants below, Tyson Foods, Inc., *1049 Ricky Walker, and Mike Graffino (hereinafter referred to collectively as “the Tyson petitioners”), filed a motion to dismiss in the trial court, contending that the plaintiff, Reba Kirkley, the administratrix of the deceased employee’s estate, was not a “dependent” under § 25-5-11 and thus lacked “standing” to prosecute the case.[8] The trial court denied the motion to dismiss.
“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.” State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Further, “[mjandamus review is available where the petitioner challenges the subject-matter jurisdiction of the trial court based on the plaintiff’s alleged lack of standing to bring the lawsuit.” Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala.2007). Thus, the Tyson petitioners requested that this Court issue a writ of mandamus directing the trial court to dismiss the underlying action based on Kirk-ley’s purported lack of subject-matter jurisdiction.
In Alabama Power Co. v. White, 377 So.2d 980 (Ala.1979), this Court explicitly held that the requirement in § 25-5-ll(a) that “dependents” of a deceased employee bring an action under that Code section was an issue of “capacity” that need not be proven if not challenged:
“[Wje hold that § 25-5-ll(a) by the phrase ‘the employee, or his dependents in case of his death, may proceed against the employer’ gives to the dependents CAPACITY to bring suit against the employer under certain circumstances. We hold that dependency is capacity under § 25-5-ll(a) which must be denied by the defendant by specific negative averment....”
377 So.2d at 936. Black’s Law Dictionary has described the “capacity to sue” as “[tjhe legal ability of a particular individual or entity to sue in ... the courts of a forum.” Black’s Law Dictionary 207 (6th ed.1990).
“Standing, on the other hand, turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’ Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kour-lis, J., dissenting) (emphasis added). ‘One has standing to bring his complaint into court “if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.” ’ Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added).”
Property at 2018 Rainbow Drive, 740 So.2d at 1027-28 (citation omitted). “Standing” and “capacity” are two distinct issues: “There is a difference between capacity to sue and standing to sue.” Mobile, Alabama Pensacola, Florida Bldg. & Constr. Trades Council v. Williams, 346 So.2d 964, 966 (Ala.1977) (Faulkner, J., dissenting), cited with approval in Penick v. Most Worshipful Prince Hall Grand Lodge F & AM of Alabama, Inc., 46 So.3d 416, 426 (Ala.2010). As noted in 2018 Rainbow Drive, supra, the lack of standing deprives the trial court of jurisdiction. The lack of capacity in an action under § 25-5-ll(a), however, is an affirmative defense subject to waiver. Alabama Power Co. v. White, supra.
In Tucker v. Molden, 761 So.2d 996 (Ala.2000), which the Tyson petitioners cite, this Court discussed the ability to bring an action under § 25-5-11 in general terms as being a question of “standing”; however, it was undisputed in that case that the person who filed the action was the proper *1050 person to do so. The description in Tucker of the plaintiffs ability under § 25-5-11 to pursue the action embraced no legal ruling and was not necessary to the rationale of this Court’s decision, which addressed a different legal issue. Therefore, the discussion regarding standing was simply surplusage and dicta and does not call into question the explicit holding in Alabama Power Co. v. White. Thus, under Alabama Power Co. v. White, Kirkley’s purported lack of capacity to file the action under § 25-5-11 is not a failure of jurisdiction, and the petition is due to be denied.[9]
BOLIN, J., concurs.

. Kirkley has since substituted Mildred Hayes, the employee’s widow, as the plaintiff.

. Other prior appellate decisions have at times used the word "standing” in discussing the ability to maintain an action under § 25-5-11. See Ragsdale v. Altec Indus., Inc., 456 So.2d 54 (Ala. 1984) (using both the terms "standing” and "capacity” to describe the ability to sue under § 25-5-11), and Johnson v. Huxford Pole & Timber Co., 983 So.2d 1133 (Ala.Civ.App.2007) (plurality opinion); however, like Tucker, and unlike Alabama Power Co. v. White, these cases do not analyze or rule on the precise legal nature of a party’s ability to maintain such an action.